### B. LAWLESS, SR. *v.* GEORGE SEVIER.

[Abstract Kentucky Law Reporter, Vol. 5—239.]

**Vacation of Judgment.**

> A judgment may be vacated for fraud practiced by the successful party in obtaining it or for a clerical misprision, and it is not required that a party entitled to such relief should file his petition therefor not later than the second term after the discovery.

APPEAL FROM BARREN CIRCUIT COURT.

September 8, 1883.

OPINION BY JUDGE PRYOR:

In this case the testimony leaves but little room for doubt as to the boundary of land intended to be conveyed to the appellee to indemnify him as the surety of the appellant, Lawless, and is equally satisfactory as to the manner in which a part of the land mortgaged was omitted from the judgment. While the appellant, Lawless, may not have intended any actual fraud, when he attempted to give the

boundary or confine it to the Dodd land, he doubtless had in his mind the boundary of the first mortgage written and which the appellant declined to accept. The mortgage shows what was embraced by it, and the attorney drawing the judgment was misled by the act of the appellant as to the boundary. His testimony is direct and positive and fully sustained by the mortgage itself as well as the statement of one or more witnesses. The attorney writing the mortgage gives the boundary and wrote it because in the opinion of the appellee the one prepared by appellant or at his instance did not include as much land as was necessary to indemnify him.

As to the question of limitation, the Code 1876, § 518, provides that a judgment may be vacated or modified "By granting a new trial for the cause and in the manner prescribed by § 344." That section provides that a petition may be filed not later than the second term after the discovery, and § 340 sets forth the causes for which a new trial may be granted. Section 518, subsec. 4, provides that a judgment may be vacated for fraud practiced by the successful party in obtaining it, and subsec. 3 of the same section authorizes the judgment to be vacated by reason of a clerical misprision. There is no limitation except such as pertains to the bringing of actions, as to a motion for clerical misprision or as to fraud in obtaining a judgment, and therefore § 344 has no application to this case.

It may be urged that the successful party means the one in whose favor the judgment is rendered or the party entitled to enforce it, but we think a proper and just construction of the section should make it apply to those whose rights are prejudiced by the judgment. Here the appellant succeeds in relieving a part of his land from the lien by reason of the judgment sought to be vacated, and the appellee is left with property insufficient in value to afford him indemnity. If there is enough outside of the quantity in dispute, then appellant is not prejudiced by the judgment. There was no objection to the submission of the case, nor any reason given after the case was disposed of why it should not have been heard, and nothing in the record showing that injustice has been done appellant by what he terms a primitive hearing.

We perceive no error to the prejudice of the appellant and the judgment is therefore *affirmed*. Judge Lewis not sitting.

*B. Lawless, Sr., Leslie & Botts, for appellant.*

*Rousseau & Doty, for appellee.*

[Cited, *Boro v. Holtzhauer,* 23 Ky. L. 2317, 67 S. W. 30; *Estep v. Estep,* 124 Ky. 421, 30 Ky. L. 577, 99 S. W. 280.]