Case 68.—PROCEEDING BY THE' COMMONWEALTH AGAINST
J. D. CAUDILL TO LIST OMITTED PROPERTY.—November 29.

121    537
125    530

## Commonwealth v. Caudill.

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

From a judgment of the circuit court on appeal
from the county court the Commonwealth appeals.
Reversed.

Omitted Property—County Courts—Appeals—Time—Correction of
   Judgment—Appeal from the county court to the circuit court,
   which must be prosecuted within 60 days from rendition of
   judgment, being more than 60 days after rendition of
   judgment finding that defendant had omitted to list his
   property for taxation, and causing it to be listed, though
   within 60 days after rendition of judgment on motion to cor-
   rect the first judgment for clerical misprision, is too late
   for review of the question of defendant's liability to be as-
   sessed on the omitted property; the first judgment being
   final, and not being suspended by the motion for correction,
   or by the presence of the misprision authorizing the cor-
   rection, proceedings for which, authorized by Civil Code of
   Prac., secs. 518, 519, are subject to no other limitation than
   that applicable to an original action for the same cause,
   fraud or mistake, and the time of appeal from the first
   judgment not being affected by sec. 516, providing that a
   clerical misprision shall not be ground of appeal till it has
   been presented to and acted on by the trial court.
S. J. CECIL and N. J. AUXIER for appellant.

### QUESTIONS RAISED.

Appeal from judgment of county court to circuit court in pro-
ceeding by auditor's agent to have omitted property listed for
taxation; appeal being by defendant and no bill of exceptions in
record.

AUTHORITIES.

25 Ky. Law Rep., 1927, Commonwealth v. Morehead; Thompson
v. Koch, 98 Ky., 400; Ky. Stats., secs. 4241, 4020, 4023 and 4033.
J. M. YORK for appellee.

Appellee filed answer and put in issue the statement of the
auditor's agent, and alleged affirmatively that all the money or
property he owned had been regularly listed each year and the
taxes paid, to which no reply was filed.

We submit that the burden of proof was on the Commonwealth
to show that the money had not been listed for taxation and the
assessor's books, which are the best evidence, were not intro-
duced, and there is no competent evidence tending in the least to
establish the contention of appellant.

OPINION BY JUDGE O'REAR—Reversing.

This is a proceeding against appellee to list omitted
personal property for five years before the filing of
the statement.  The trial in the county court resulted
in a judgment in favor of the Commonwealth, finding
that personal estate, varying from $6,000 to $9,000,
had been omitted for the years stated, giving the ex-
act amounts found to have been omitted each year,
and directing it to be listed as of those years.  After
the adjournment of the term at which the judgment
was rendered, the Commonwealth gave notice to the
defendant that it would  on the succeeding  county
court day move the court to correct the judgment in
certain particulars because of clerical misprision in
entering it.   At the time and place specified in the
notice the motion was made and heard, and the judg-
ment corrected in accordance with the notice.  The
defendant prayed and was granted an appeal from
each of these judgments.

Appeals from judgments of the county court to the
circuit court must be prosecuted within sixty days
from the rendition of the judgment.  In this case the
appeal was  prosecuted within sixty days after the

last-named judgment, but not until after sixty days after the rendition of the first-named judgment. In the circuit court the Commonwealth moved to dismiss the appeal, which was overruled, and upon a trial on the merits the circuit court dismissed the proceeding of the Commonwealth upon the ground that it had failed to make out a case. If it be deemed that the appeal tried in the circuit court was from the first judgment, which found the fact to be that appellee had omitted to list his property for taxation, and causing it to be listed, then the appeal was not prosecuted within time. On the other hand, if the appeal was prosecuted from the last judgment, which was to correct the clerical misprision, then the only thing to be considered on that appeal was whether there had been in fact a misprision of the clerk in the entering of the judgment, and whether the judgment so entered at last was in conformity to the one that should have been entered as indicated by the court's records, It may be as well to say here that there is nothing in this record to show that the correction of the judgment as made in the last judgment was not justified by the state of the record.

Appellee contends, and such must have been the view taken by the circuit court, that the judgment from which he appealed was the one fixing his liability to be assessed upon omitted property; that both the judgments in the county court are for the same thing, but that neither of the judgments became final or conclusive against him until the last one was rendered; that until the last one was rendered, and thereby it became a final judgment affecting his property rights, he had not the right of appeal, and therefore had full sixty days from that time in which to perfect it under the statute. While a motion for a

new trial operates to suspend a judgment in the action in which it is pending until the motion is acted upon and overruled, this rule does not apply to motions to correct judgments for misprision of the clerk. The proceedings are radically different. A motion for a new trial involves the setting aside of the judgment altogether and a re-examination of the facts at issue. A motion to correct a judgment for clerical misprision involves only the correction of the court's records. It admits the binding validity of the judgment. The matter that was at issue at the trial is not disturbed, and in no event can again be inquired into or re-examined under a proceeding to correct a judgment for a misprision of the clerk. Sec. 518 of the Civil Code of Practice allows the court in which a judgment had been rendered to vacate or modify it after the term by granting a new trial for any one of numerous causes set out. It also allows a judgment to be vacated or modified for clerical misprision. Sec. 519 allows the proceedings to correct misprisions of the clerk to be by motion upon reasonable notice to the adverse party, or his attorney in the action; but the motion to vacate a judgment because of its rendition before the action regularly stood for trial, which is a clerical misprision by an express provision of the Code (sec. 517), can not be made after the expiration of the first three days of the succeeding term. There is no limitation to the proceeding to correct a judgment for mere clerical misprision in other respects, save such limitation as would apply to the bringing of original actions for the same cause. (Smith v. Mullins, 3 Metc., 182.) A clerical misprision is either a mistake or a fraud perpetrated by the clerk of the court, which is susceptible of demonstration by the face of the record, and relief for actions upon

either of these grounds is by statute fixed at five years from the time the mistake of fraud was committed, or five years from the discovery thereof, not exceeding ten years at the outside.

It would follow from this, if appellee's contentions were correct, that he might have at least five years and two months within which to prosecute an appeal from the county court, or seven years within which to prosecute an appeal to this court from the circuit court, where the clerical misprision existed in the case. For his argument is that, so long as there is a clerical misprision in the entry of the judgment it is not a final judgment, and therefore the right of appeal has not attached, and the limitation against it can not run. Our view of it is that the judgment of the court fixing the rights of the parties may be appealed from at any time after it is rendered. The right of appeal is not affected at all by the fact whether there has been a misprision of the clerk in the entry of the judgment, nor whether there exist grounds for a new trial of the action. The appeal may be prosecuted, notwithstanding a motion may then be or may thereafter be allowed also in the court rendering the judgment to correct the misprision. The only limitation upon this is that contained in sec. 516, Civil Code Practice, which is that a misprision of the clerk shall not be a ground for an appeal until the same shall have been presented and acted upon in the circuit court. This does not mean that there can not be an appeal upon the merits of the action until the misprision has been acted upon by the court, but only that the latter ground can not be reviewed upon appeal until it has been presented to the lower court for correction. Under these views the practice would be that the right of appeal

for any ground, except that of the misprision itself, is not affected by a clerical misprision, and that the appeal may be prosecuted nevertheless. This necessarily sets in motion the statute of limitation, as it affects the prosecution of appeals.

As to the proceedings to correct clerical misprisions, except in the instance indicated in sec. 519 of the Civil Code of Practice the five-year statute of limitation would apply to the motion in the trial court. After that court has acted upon the motion, the right of the party aggrieved to prosecute an appeal, where an appeal lies, will be regulated by the statutes governing appeals. We conclude that the circuit court erred in dismissing the complaint of the Commonwealth, and the appellee should be allowed to elect which of the appeals he is prosecuting before the circuit court. If it be the one from the judgment first rendered, the appeal should be dismissed; if it be the one from the judgment last rendered, the judgment should be affirmed.

The judgment of the circuit court is reversed, and cause remanded for proceedings not inconsistent herewith.

Petition by appellee for extension of opinion overruled.