CASE 53.—ACTION BY MARY ESTEP AND OTHERS AGAINST
A. J. ESTEP AND OTHERS TO VACATE A JUDG-
MENT.—January 24.

## Estep, &c. v. Estep, &c.

Appeal from M̦agoffin Circuit Court.

D. W. GARDNER, Circuit Judge.

From a judgment sustaining a demurrer to the
petition, plaintiffs appeal.   Affirmed.

1.   Appeal—Presumptions—Regularity of Proceedings.—Where, in
an action to vacate a judgment, plaintiffs contended that in
the original action an order of revivor after the death of
the defendant therein was not made until more than a year
after his death, and that no guardian ad litem was appointed
for an infant defendant, held that, it appearing on appeal
that the record in the original action was imperfect, and
there being no affirmative showing to the contrary, it must
be presumed that the order was made in proper time, and that
all the heirs of the deceased defendant were of age when it
was made.
2.   Judgment—Vacation—Limitations.—One against whom a judg-
ment has been procured by the fraud of the successful party
may have it vacated on a proper showing, if the application
is made within the 10 years allowed by Ky. Stats., 1903,
section 2519.
3.   Same—Action—Petition—Sufficiency.—In   an   action   to   set
aside a judgment as obtained by fraud, mere allegations of the
petition that the judgment was fraudulently and wrongfully
procured, in that one of the attorneys for the unsuccessful
party became interested for the other party and used his
influence in procuring the judgment, was insufficient.

D. D. SUBLETT and C. W. NAPIER for appellants.

JOUETT, BYRD & JOUETT for appellees.

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Affirming.

In 1906 the appellants brought this action to vacate a judgment rendered in 1896. The lower court sustained a demurrer to the petition, and the plaintiffs below, now appellants, declining to amend, their petition was dismissed, and they prosecute this appeal.

The judgment sought to be vacated was rendered in an action of E. L. Howard against Stephen Wheeler to recover the possession of a tract of land. The defendants answered, traversing the petition, and affirmatively averred that they were the owners of a certain boundary described on their answer. Pending this action, and in October, 1894, D. J. Wheeler filed his petition to be made a party, setting up that he was the purchaser of the land in controversy, and asked that his title be quieted and for other proper relief. In January, 1895, the petitioner Wheeler, who appears to have been made a party, filed a petition stating that the defendant Stephen Wheeler died 1894, leaving surviving him his widow and several children, naming them, one of whom was alleged to be an infant, but her age is not given. He asked that the suit be revived and prosecuted against the persons named as the real representatives of Stephen Wheeler, that summons issue against them, and a guardian ad litem be appointed to defend for the infant. The next order appearing in the record is: "By consent, this cause is revived against the real and personal representatives of Stephen Wheeler, deceased." This order is dated February, 1894, but evidently should be 1895, as the petition of D. J. Wheeler to be made a party was filed in October, 1894, and his petition asking that the action be

revived was filed in January, 1895. In October, 1895, the following order was made: "Came the attorney for the plaintiff and defendant, and by their consent it is ordered that this cause be transferred to the equity docket, and each party may file any other appropriate pleading, and this cause is continued." In February, 1896, the following order appears: "Came the plaintiff and filed reply to defendants' answer herein; also came the parties and filed the written agreement herein." This written agreement is not in the record, nor is there anything to indicate what it was. The record further shows that on the following day the cause was submitted and judgment rendered.

The orders and steps we have mentioned are taken from the record filed with the petition of appellant in this action. The grounds upon which they seek to have the judgment vacated are: That it was obtained by fraud; that summons on the petition seeking a revivor was not executed on the real representatives of Stephen J. Wheeler; that the order of revivor was not made until more than a year after the death of Stephen J. Wheeler; that the land described in the judgment is not the same as that mentioned and described in the petition; that no guardian ad litem was appointed for the infant. The petition further avers that the plaintiffs, appellants, are the heirs of Stephen J. Wheeler and entitled to the possession of the land. So far as the record discloses, all of the parties to the suit of Howard v. Stephen J. Wheeler were of age at the time of Stephen J. Wheeler's death, except one. The age of that one at his death does not appear. She may have been 10 years old, or 20 years and 9 months of age. The record of the old suit is imperfect, and it is apparent that all of it has not been made a part

of this action. In the condition that we find the record, we must presume that the order of revivor was made in proper time and by consent of the parties, and that all of the heirs of Stephen J. Wheeler were of age at the time it was made.

Our attention has not been directed by counsel for appellants to any authority, judicial or statutory, authorizing the vacation of a judgment nine years after its rendition, when the presumption uncontradicted and unexplained by the record is that all of the parties were not only before the court but of age and laboring under no disability at the time of its rendition. It is said, however, that, as the judgment was obtained by fraud, it should be vacated for this cause. The averments of the petition are that the judgment was fraudulently and wrongfully procured, in that "D. J. Wheeler was one of the attorneys for their ancestor Stephen H. Wheeler in the suit of E. L. Howard against Stephen H. Wheeler, and the plaintiffs state that the said defendant D. J. Wheeler, without giving their ancestor Stephen Wheeler any notice of his action as attorney, somehow or other became interested for the plaintiff and used his power, ability, and influence in procuring the said judgment rendered in the original action, which conduct of the defendants was wrongful and fraudulent." A party against whom a judgment has been procured by the fraud of the successful party may have it vacated upon a proper showing, if the application is made within the time allowed by section 2519, Ky. Stats., 1903, providing that, "in actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetra-

tion of the fraud.'' Lawless v. Sevier, 5 Ky. Law Rep., 239. But the petition in an action to obtain relief from a judgment by fraud should point out specifically and fully the fraud relied on. McCarthy v. Payne, 5 Ky. Law Rep., 242. A mere statement that the judgment was obtained by fraud is not sufficient. Tested by this rule, the petition before us is not good. The averment above mentioned, stating the fraud relied on, is neither full nor definite enough. We may also add that the record in the action in which the alleged fraudulent judgment was obtained, and which is filed with the petition seeking to set the judgment aside and as a part thereof, shows that one A. P. Cooper was the attorney for Stephen Wheeler, and that D. J. Wheeler, whose acts are complained of, represented himself as attorney after he filed his petition asserting ownership to the land, and the depositions taken in that case also disclose that Stephen H. Wheeler and his heirs were represented by counsel.

Upon the whole case, we see no error in the record, and the judgment is affirmed.