CASE 62.—ACTION BY AGNES PAYNTER AS ADMINISTRA-
TRIX OF WILBER V. PAYNTER, DECEASED,
AGAINST THE LOUISVILLE & NASHVILLE R. R.
CO., FOR DAMAGES FOR CAUSING THE DEATH
OF HER INTESTATE.—May 2.

# Louisville & Nashville R. R. Co. v. Paynter's Admx.

Appeal from Larue Circuit Court.

C. T. ATKINSON, Special Judge.

From an order granting plaintiffs motion for a new trial the railroad company appeals. Reversed.

1. Judgment—Vacation—Fraud—Time for Application—An appli-
cation to vacate a judgment and grant a new trial for fraud
or unavoidable casuality, as authorized by Civil Code Prac.,
section 518, which prescribes no time within which the appli-
cation on such grounds shall be made, may be made at any
time within five years after the judgment sought to be vacated
has been rendered; the same limitations applying as in
original actions for relief on the ground of fraud or mistake.
2. Same—Discovery of Fraud—Time—That plaintiff discovered
defendant's alleged fraud, which resulted in a judgment
against her before an appeal from such judgment had been
disposed of, did not preclude plaintiff from assailing the judg-
ment on that ground in the trial court after affirmance; such
objection not being available in the court of appeals.
3. Same—Evidence of Fraud—Plaintiff suffered judgment on
appeal, because there was no denial of defendant's plea of
contributory negligence, after which plaintiff moved to set
aside the judgment and for a new trial, because of defendant's
fraud in failing to enter an order of record that the new
matter in the answer should be deemed controverted accord-
ing to an alleged stipulation. Plaintiff's only evidence of
the agreement was that of her attorney, which was denied
by the evidence of the attorney alleged to have made the

Louisville & Nashville R. R. Co. v. Paynter's Adm'x.

agreement. Held, that such proof was insufficient to establish the fraud alleged.

4.  Same—Casuality and Misfortune—Plaintiff sued defendant for death of her husband. The case was continued at defendant's request, on condition that an answer be filed and an order entered controverting any new matter therein. No such order was in fact entered, and after the answer had been filed, plaintiff's attorney went to the clerk's office for the purpose of making an examination of the records to see if the order had been entered. The records were incompletely indexed, and, without completing his investigation or asking for assistance, he abandoned the same, and assumed that the order had been entered. On appeal, plaintiff was defeated, because no such order had been entered, and there was no denial of defendant's plea of contributory negligence. Held, that the judgment was not the result of such casualty or misfortune as could not have been avoided by the exercise of reasonable skill and diligence, and was not therefore sufficient to justify the vacation of the judgment.

EDWARD W. HINES, attorney for appellant.

BENJAMIN D. WARFIELD, CHAS. H. MOORMAN, of counsel.

POINTS AND CITATIONS.

1.  Section 344 of the Civil Code applies only when the grounds for new trial are discovered after the term at which the verdict or decision was rendered, and provides that the application shall not be made later than the second term after the discovery, or more than three years after the final judgment was rendered. Therefore, if the judgment sought to be reopened here be regarded as the judgment rendered at the October term, 1902, the petition was filed too late, and if the judgment rendered at the January term, 1906, be regarded as the judgment sought to be reopened, then it appears that plaintiff discovered the ground upon which she seeks a new trial long prior to that term.

2.  The appellee did not seek a "new trial" within the meaning of section 344 of the Code, as a "new trial" is defined by section 340 as a re-examination of an issue of fact, whereas the judgment sought to be set aside was rendered upon the pleadings, and there was no examination of any issue of fact. (Foley v. Foley (Cal) 52 Pac., 122.)

3.  The judgment can not be set aside upon the ground that it was obtained by fraud, there being no allegation that any act

of defendant was fraudulent, but merely that the result was procured by fraud.

4. A charge of fraud can not be based upon a promise to be performed in the future, especially when there is no allegation that the alleged promise was made with fraudulent intent. (Smith v. Parker, 148 Ind., 127, 45 N. E., 770; Re Harker's Estate, 113 Iowa, 584, 85 N. W., 786; Sheldon v. Davidson, 85 Wis., 138, 55 N. W., 161.)

5. Even if it be conceded that defendant concealed the fact that no order had been entered controverting the affirmative matter in the answer, such concealment does not constitute fraud in the absence of an allegation that defendant knew, or had any reason to believe, that plaintiff was ignorant of the fact concealed. (Sheldon v. Davidson, 85 Wis., 138, 55 N. W., 161.)

6. It can not be said the judgment dismissing plaintiff's petition rendered at the January term, 1906, was obtained by defendant's fraud, when defendant knew long before that judgment was rendered that the answer had not been controverted of record, and yet made no effort to supply the defect in the record.

7. As no inquiry was made of plaintiff's attorney, or of the clerk, as to the alleged agreed order, plaintiff's search therefor can not be said to have been diligent. (Moore & Co. v. McAlpin, etc., 10 Ky. Law Rep. 724.)

8. The inference is that plaintiff's attorney was of opinion that it was not necessary to controvert or traverse the plea of contributory negligence, or that he could, at least, afford to take the risk of not doing so, as he afterwards argued in this court that no reply was necessary, for the reason that the plea of contributory negligence was not affirmative matter; and, therefore, the failure to file a reply must have been due to a mistake of law on his part, which is not sufficient to entitle his client to a new trial. (Mouser v. Harmon, 96 Ky., 591.)

9. A new trial will not be granted on account of the neglect of the attorney of the party applying therefor. (Patterson v. Matthews and wife, 3 Bibb, 80; Payton v. McQuown, Adm'r, 97 Ky., 757.)

10. Mere accident or surprise, although a ground for a new trial, is not one of the grounds upon which a judgment may be vacated after the term at which it was rendered. (Civil Code, section 518.)

11. Even if accident or surprise were a ground for setting aside a judgment on the pleadings, the rule is that where a party taken by surprise fails to ask a continuance the first opportunity, he waives his right to rely upon the surprise as a ground for new trial, and, therefore, appellee having made the issue in

this court that no reply was necessary, and thus speculated upon the chances of a favorable result and lost, she can not now, upon the facts then known to her, have the judgment reopened. (14 Am. & Eng. Ency. of Pleading and Practice, page 749; Shipp v. Suggett, 9 B. Monroe, 5.)

12. There is nothing in the record upon which the court could base a nunc pro tunc order, either controverting the answer or filing a reply, it being well settled that there must be something in the record by which to amend in order to authorize a nunc pro tunc order. (Boyd County v. Ross, 95 Ky., 167.)

13. The judgment can not be vacated upon the ground of "unavoidable casuality or misfortune," as that which might have been avoided by the exercise of slight care can not be said to be "unavoidable," even if it be considered a casuality or misfortune. Besides, this ground is not alleged.

14. A new trial will not be granted upon the ground of newly discovered evidence, where the evidence consisted of a public record to which the party seeking the new trial had access. (14 Am. & Eng. Ency. of Pleading and Practice, 800; Rhodes v. City of Henderson, 2 Ky. Law Rep., 228.)

15. The appellee is estopped to ask that the judgment be vacated for the reason that, by failing to make her application before the judgment was reversed by this court, she deprived appellant of a hearing in this court upon the question as to whether appellant was entitled to have the verdict in its favor reinstated upon the evidence.

16. The appellee's remedy, if any, was a proceeding to vacate the judgment of this court.

17. As there was no allegation that any part of the written agreement for a continuance was omitted by fraud or mistake, it was error to admit oral testimony to add to or vary that agreement.

18. The evidence wholly fails to support the allegations of the petition, as plaintiff's attorney does not testify that defendant's attorney agreed to have an order entered controverting the affirmative matter in the answer, but merely that there was an agreement to "let" the answer be controverted of record. Besides, there is no testimony tending to show that the person who is said to have made the alleged agreement had any authority to do so.

19. As the trial court failed to amend the record in any way, thus leaving the pleadings just as they were when this court held that defendant was entitled to judgment thereon, it was error to grant a new trial, as no number of new trials can avail the plaintiff anything as long as the pleadings remain as they were when the case was decided by this court.

Louisville & Nashville R. R. Co. v. Paynter's Adm'x.   ·

ADDITIONAL POINTS AND CITATIONS BY APPELLANT.

1.   A statute authorizing a judgment to be vacated for "fraud" of the successful party in obtaining the judgment does not authorize the vacation of a judgment for mere constructive fraud or fraud in law.   (1 Black on Judgments, sec. 370: Laith v. McDonald, 7 Kansas, 264; Hill v. Williams, 6 Kansas, 17; Ohio & W. Mortgage & Trust Co. v. Carter (Kansas) 58 Pac., 1040.)

2.   Where the lower court would have power, after a judgment on the pleadings rendered pursuant to mandate of this court, to grant a new trial because of a defect in the record which existed by reason of the fraud of the appellant, and to indirectly supply that defect, it would have the power to supply the defect pending the appeal, and the appellee would then have the right to present the additional record to this court by supplemental transcript. (Bush v. Lisle, &c., 86 Ky., 504.)

3.   If the failure to file reply was never relied upon until the case reached this court the fraud, if any, was committed in this court, and the remedy of the appellee, if any, was by motion in this court to set aside the judgment of reversal.   (McIlvoy, &c., v. Russell & Averitt, 16 Ky. Law Rep., 737.)

LEWIS McQUOWN, attorney for appellee.

S. M. PAYTON and McQUOWN & BROWN, of counsel.

NOTE BY REPORTER.—There is no summary of points made by counsel in his brief but the following AUTHORITIES are CITED:

Elliott v. Harris, 81 Ky.; 470; Ewing v. Price, 3 J. J. Mar., 523; L. & N. R. R. Co. v. Coniff's Adm'r, 16 Ky. Law Rep., 296; Voght Mach. Co. v. Penn. Iron Works, 23 Ky. Law Rep., 2163; C. & O. Ry. Co. v. Hickey, 15 Ky. Law Rep. 113; 14 A. & E. Ency. of Law, p 21; Helm v. Boone, 6 J. J. Mar., 351; Davidson v. Allan, 5 Ky. Law Rep., 683; Ward v. Rhodes, 14 Ky. Law Rep., 80; McLean v. Dixon, 18 B. Mon., 774; Duncan v. Sheehan, 13 Ky. Law Rep., 780; Bourne v. Bourne, 92 Ky., 211; Lawless v. Sevier, 5 Ky. Law Rep., 239; Scott v. Scott, 9 Bush, 174; McCall v. Hitchcock, 9 Bush, 66; Cooley v. Barbourville L. & I. Co., 21 Ky. Law Rep., 1454, Snelling v. Lewis, 25 Ky. Law Rep., 1856; Vittitoe v. Ames, 21 Ky. Law Rep., 225.

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Reversing.

The question presented by this appeal is the correctness of the judgment of the circuit court granting appellee a new trial in the case of Agnes Paynter, Adm'x v. Louisville & Nashville Railroad Company. The original action was filed in February, 1902. In October, 1902, the jury, under direction of the court, returned a verdict in favor of the defendant, upon which judgment was entered, but a new trial was granted, and this judgment set aside. In January, 1903, the case was again tried, and a verdict returned in favor of the plaintiff, and both parties consenting thereto, this verdict was set aside. Another trial was had in May, 1903, which resulted in favor of the plaintiff, and the defendant prosecuted an appeal to this court, which reversed the judgment in October, 1904, with directions to enter a verdict for the defendant. The judgment of this court did not become final until October, 1905, when a petition for rehearing was overruled, and the mandate filed in the lower court in January, 1906. Immediately thereafter appellee filed her petition for a new trial. The judgment in the original case was reversed by this court, because no reply was filed by the plaintiff in that action controverting the averments of the answer that the death of Paynter was caused by his contributory negligence. The opinion of the court may be found in 82 S. W. 412, 26 Ky. Law Rep. 761.

The chief ground upon which a new trial is asked is because the failure to file a reply was due to an agreement entered into between the attorneys for the plaintiff and defendant that the affirmative matter in the

answer should be controverted of record. The petition alleges: That in May, 1902, which was the appearance term of the action filed in February, 1902, the defendant, desiring to procure a continuance on account of sickness and physical inability of the leading attorney for the defendant, presented to the attorney for plaintiff the following agreement, signed by W. H. Marriott, the leading attorney of defendant attending to the case: "At the request of the defendant the plaintiff agrees and consents that the two actions of Agnes Paynter, Adm'x, v. L. & N. R. R. Co., and the case of J. S. Roster v. L. & N. R. R| Co., both pending in the Larue circuit court, are to be continued at the present term of said court at the cost of the defendant;" and plaintiff's attorney was requested to sign his name to the agreement, which he agreed to do if defendant would file its answer during the May term of the court, and have an order entered controverting all the affirmative matter, so that the issues would be fully made up, and the case stand for trial at the next term. That this was agreed to by defendant's attorney, and plaintiff's attorney thereupon signed his name to the agreement and delivered same to the defendant, and relying in good faith upon the agreement, plaintiff's attorney did not attend court at the May term, 1902.

It is further alleged that the defendant at the May term presented the written agreement, and procured an order to be made continuing the case; and also filed an answer, but did not have any order entered controverting the affirmative matter therein. And this fact was unknown to plaintiff or her attorney until after the appeal was prosecuted to this court. It also averred that at the October term, 1902, the attorney for the plaintiff made an examination of the

order book for the purpose of ascertaining whether or not the agreed order had been entered, but could not find it because the clerk had failed to index the orders, and the trial was proceeded with under the belief that the order controverting the affirmative matter in the answer had been entered as agreed upon; that no question was made by the attorneys for defendant in the lower court that the plea of contributory neglect had not been controverted of record or replied to, nor did they make this question until the case came to this court. It is charged that the condition of the pleading that resulted in the adverse opinion of this court was caused by the fraud, concealment, and unfairness of the railroad company and its attorneys. A reply controverting the averments of contributory neglect set up in the answer was tendered with the petition, which was properly verified. The only witnesses who testify are the attorney for appellee, the attorney for appellant, and the circuit clerk. Mr. Peyton, attorney for appellee, states in substance that a petition was filed by him in the name of Agnes Paynter against the Louisville & Nashville Railroad Company in October, 1901, but was dismissed without prejudice, and another action by the same party filed in February, 1902; that the written agreement was brought to his office by Mr. Mooreman, a young lawyer who was a partner of Mr. Marriott, the attorney for the railroad company, and who was then sick and died soon afterwards; that the agreement theretofore related was made with Mr. Mooreman; that he did not go to the Larue court until October, 1902, at which time he commenced an examination of the order books for the purpose of ascertaining whether or not the agreement had been entered, but the indexes were imperfect and con-

fusing, and one of the order books temporarily out of the office, and without making a thorough examination he abandoned the task under the impression that the order had been entered. Mr. Mooreman denied that any agreement was made that the affirmative matter in the answer should be controverted of record, and stated that he had no recollection of the subject being mentioned; that he had no authority without the consent of Mr. Marriott to make any agreement. The testimony of the circuit clerk is in effect that some of the orders entered in the suit filed in February, 1902, including the order filing the answer, were entered with the orders made in the case filed in October, 1901, and afterwards dismissed.

We find two sections in the Civil Code of Practice relating to the granting of new trials and the causes for which they may be granted and the procedure relating thereto. Section 340 provides that "the former verdict or decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes affecting materially his substantial rights." Then follow eight causes authorizing the court to grant a new trial. By section 342 "the application for a new trial must be made at the term in which the verdict or decision is rendered, and except for the cause mentioned in section 340, subsection 7, shall be within three days after the verdict or decision is rendered unless unavoidably prevented." Subsection 7, of section 340, authorizes the granting of a new trial for "newly discovered evidence material for the party applying which he could not with reasonable diligence have discovered and produced at the trial." It will thus be seen that under section 340 an application for a new trial, except for the cause mentioned in subsection 7, must

be made at the term in which the verdict or decision is rendered, and within three days after it is rendered, unless unavoidably prevented. There is also in section 344 a further limitation upon the time in which application for a new trial under subsection 7 must be made; that section providing that "if grounds for a new trial be discovered after the term at which the verdict or decision is rendered, the application may be made by petition filed with the clerk not later than the second term after the discovery, * * * but no such application shall be made more than three years after the final judgment was rendered." Except, therefore, as provided in section 344, which applies alone to the cause specified in subsection 7, the application must be made within the time fixed by section 342. Lovelace v. Lowell, 107 Ky. 676, 21 Ky. Law Rep. 1433, 55 S. W. 549. Under section 518 "the court in which a judgment has been rendered shall have power after expiration of the term to vacate or modify it (1) by granting a new trial for the cause and in the manner prescribed in section 344; * * * (4) for fraud practiced by the successful party in obtaining the judgment; * * * (7) for unavoidable casuaity or misfortune preventing the party from appearing or defending.

If the application for new trial is made after the term for any of the grounds specified in section 340, the practice and procedure is regulated by section 344. If the proceeding to obtain a new trial is under section 518, the practice and procedure is regulated by sections 520, 521. When a new trial is sought under section 340, and for grounds discovered after the term at which the verdict or decision is rendered, section 344 fixes the time within which the application

vol. 125—34.

must be made. But there is no provision in the Code prescribing the time within which an application for a new trial under section 518 for fraud practiced by the successful party or unavoidable casualty or misfortune must be made. Therefore the application may be made within five years after the judgment sought to be vacated has been rendered. Smith v. Mullins, 3 Metc. 182; Com. v. Caudill, 121 Ky. 537, 89 S. W. 535, 28 Ky. Law Rep. 520. Thus, construing these provisions of the Code, we will consider this application as having been made under section 518. This being true, it was not barred by limitation, as the application was made within five years from the rendition of the judgment sought to be vacated. Hence, if appellee is entitled to relief, it must be because of fraud practiced by the appellant, or unavoidable casualty, or misfortune on the part of appellee, Although appellee discovered the alleged fraud before the case was disposed of by this court, that does not preclude her from assailing the judgment of the lower court upon this ground. And this she had the right to do after the mandate of this court was entered in the lower court and judgment rendered in accordance therewith, as the ground upon which a new trial was sought was one that could not be made available in this court. Scott v. Scott, 9 Bush 174; Maddox v. Williams, 87 Ky. 147, 9 Ky. Law Rep. 976. 7 S. W. 907; McLean v. Nixon, 18 B. Mon. 768.

The only remaining questions to be disposed of are, did the appellee present a state of case authorizing the court to vacate the judgment? The petition does not directly aver that any fraud was practiced by the successful party, but does by implication make the charge. The facts, however, do not justify this conclusion; and it may be seriously questioned if the

averments of the petition are sufficient to obtain relief upon the ground of fraud. But waiving this question, and assuming that the pleading is sufficient, and also that if a material agreement is entered into between opposing parties or their counsel and is violated by one of them to the prejudice of the other, or has the effect of deceiving or misleading it, it would be a fraud of such character as to justify the court in granting relief from the injury inflicted, it must also be considered that an accusation of this nature must be supported by clear and convincing evidence. The burden of establishing the fraud is upon the person who seeks relief upon this ground, and where the weight of the evidence is equal, and there are no extraneous circumstances to aid the court in arriving at the truth, relief must be denied. 23 Cyc. p. 917; 11 Encyc. Pleading and Practice, 1180. Only two witnesses speak as to this matter. One of them says an agreement was made that the affirmative matter in the answer should be controverted of record. The other one denies that any agreement or understanding of this character was had. With the evidence in this condition, it cannot fairly be said that the ground of fraud has been established. That Mr. Peyton did not rely implicitly upon the agreement, and was not lulled into security or actually deceived by it, is made apparent by the fact that when he attended the Larue court at the October term he examined the records for the purpose of ascertaining whether an order had been entered in accordance with the alleged agreement controverting the affirmative matter in the answer.

We do not attach much importance to the fact that no question was made in the lower court about the defect in the pleadings, because it appears from the

evidence that the attorneys for the railroad company
did not know or appreciate the fact that the answer
had not been controverted until they discovered it
upon examination of the record after it had been made
out for the purpose of prosecuting an appeal. Nor is
appellee entitled to relief upon the ground of
"casualty or misfortune" resulting from the failure
or inability of her counsel to discover from the rec-
ords that the order had not been entered, contro-
verting the affirmative matter in the answer. It is
admitted that counsel for appellee did make a partial
examination of the order book containing the orders
in the case, but he failed to complete the investiga-
tion, and does not assign a sufficient or substantial
reason why he did not examine all of the orders.
Nor does it appear if the orders had been examined
the fact that the answer had not been controverted
would not have been discovered. The only orders of
court necessary to be examined were those made at
the May term, 1902, and, conceding that there may
have been some confusion in indexing the case or that
the orders were not indexed, this did not excuse coun-
sel from prosecuting his examination. Nor, indeed,
does he rest his failure to complete it upon this
ground, but states that the clerk told him that one
of the order books was in another room, and, as he
was worried by his clients and believed that the order
had been entered, he abandoned the investigation.
He did not request the clerk, who was present, to
assist him in looking for the orders, or make any in-
quiry of the clerk concerning them. It will be
observed that the "casualty or misfortune" that
authorizes the granting of a new trial must be
"unavoidable." Mere ordinary "casualty or mis-
fortune" is not sufficient. It must be such casualty

or misfortune as could not by the exercise of reasonable skill and diligence have been avoided. And this degree of diligence was not exercised by counsel for appellee, when he, after beginning the examination of records that would have disclosed the fact he was looking for, without good excuse, abandoned the search. There was no statement or representation to mislead or deceive in any way made after the agreement was signed, and even if the orders made in this case at the May term had not been indexed, it would only have taken a few minutes time and labor to run through the orders made at that term. Where a thing is a matter of record, and the book in which it is contained is accessible, and the party interested commences an examination for the purpose of finding the record desired, and is not prevented from prosecuting his investigation by any act or conduct of the adverse party, it would require the most convincing evidence to authorize relief upon the ground that by unavoidable casualty or misfortune he was prevented from discovering the record desired. .

Nor is this in conflict with the opinion expressed in Elliott v. Harris, 81 Ky. 470, 5 Ky. Law Rep. 499, as the facts of the two cases are so dissimilar that the conclusion reached in one could not be considered applicable to the other. The rule in regard to the character of diligence required is thus stated in Denny v. Wickliffe, 1 Metc. 216—a case in which the vendee, who had been required to accept the title, sought to have the judgment vacated upon the ground that he had discovered that the title was defective—where the court speaking by Judge Simpson, said: "Now the doctrine is well settled that the fact relied on to entitle a party to relief against a decree must not only have been discovered too late to have been

used upon the trial, but must have been of such nature or so concealed that it could not have been previously discovered by the use of ordinary diligence. The deeds by which the defect in the title is manifested were of record in the county where Wickliffe resided, and were accessible to all persons. By ordinary diligence he could have discovered at any time during the pendency of the suit all the matters which he now relies upon. Besides, it is against the settled policy of the law to permit a party to a suit to be careless and negligent until the suit has been tried and decided, and then to awaken up and bring forward matters which might by ordinary diligence have been produced and relied on upon the trial. In this case, there was no concealment or misrepresentation by the adverse party; nothing to delude or deceive the purchaser. The only reason assigned by him for failure to investigate the title was that he entertained a confident belief that the whole of the purchase money was paid, and, if so, he was wholly indifferent, as may be inferred from his statement as to the condition of his title. That, however, does not constitute a legal excuse for the want of diligence in looking into the title, nor a sufficient reason for not having brought the title in question in the original suit.''

After a case has been finally disposed of, it ought not to be reopened unless the evidence furnishes satisfactory reason for granting relief for some of the grounds specified in the Code; and we do not find that the reasons assigned in the case before us are sufficient to authorize a retrial of this case.

Wherefore the judgment is reversed, with directions to dismiss the petition.