## Jeffers, Receiver v. Taylor.

## Jeffers, Receiver v. Vicars.

(Decided December 14, 1917.)

### Appeals from Pike Circuit Court.

1. Costs—Clerks of Courts—Copy of Pleading.—Upon the application of a party to an action either in person or by his attorney for a copy of a pleading, it is the duty of the clerk of the court to furnish the copy, the cost thereof to be taxed as costs.

2. Clerks of Courts—Request of Clerk to Furnish Copy of Pleading— Good Faith.—Where the attorney for a plaintiff forwarded a petition against the circuit court clerk of another county, to the clerk himself and requested the clerk to send to the plaintiff's attorney a copy of subsequent pleadings, and to notify the plaintiff's attorney of the progress of the case, good faith required the clerk either to notify the plaintiff's attorney of the progress of the case or to notify him of his refusal to do so.

3. New Trial—Proceedings for New Trial—Practice.—Under section 518 of the Civil Code of Practice a proceeding for a new trial after the expiration of the term at which the judgment was rendered, should be by petition in an independant action, although a pro-

ceeding for that purpose filed in the pending action will not be treated as erroneous in the absence of an objection thereto.

4. New Trial—Limitation of Actions.—An action under section 518 of the Code for a new trial upon the ground of fraud practiced by the successful party can be brought any time within five years after the discovery of the fraud, but not later than ten years after the perpetration of the fraud.

STRATTON & STEPHENSON, H. V. McCHESNEY and SCOTT & HAMILTON for appellant.

CLINE & STEELE for W. B. Taylor.

CLINE & STEELE for J. W. Vicars.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On September 22, 1911, the appellee, W. B. Taylor, bought 300 shares of the capital stock of the Central Life Insurance Company for which he paid $450.00 in cash, and gave the company his note for $2,550.00, the balance of the purchase money. About the same time the appellee, J. W. Vicars, bought 500 shares of the same issue of stock for which he executed to the company his note for $4,250.00.

On August 9, 1913, Taylor and Vicars filed separate actions in the Pike circuit court against the insurance company to cancel their notes, upon the ground of fraud committed by the company's agent in making the sales to them. They obtained judgments in the circuit court, but upon appeal this court reversed the judgments for the reason that neither petition stated a cause of action. See Central Life Insurance Co. v. Taylor, 164 Ky. 844; Central Life Insurance Co. v. Vicars, 164 Ky. 848. Upon the return of the actions to the circuit court the petitions were dismissed pursuant to the mandate of this court.

On January 15, 1916, the appellant, J. W. Jeffers was appointed receiver of the Central Life Insurance Company; and, on March 3, 1916, he filed these actions against Taylor and Vicars in the Pike circuit court to recover judgments upon the notes which they had given the company. Taylor was clerk of the Pike circuit court.

The petitions were prepared in Frankfort by Scott & Hamilton, the attorneys for the receiver, and were by them, on May 2, 1916, forwarded by mail to the clerk of the Pike circuit court, at Pikeville, accompanied by

a letter to the clerk requesting him to file the petitions, and enclosing him the state tax thereon. The letter to the clerk also contained this sentence: "Please have summons issued at once, and send us copies of demurrers and pleadings that may be filed in the cases, and advise us when these cases are set down for trial."

Taylor filed the petitions on May 3, and issued summons thereon, which were duly served. On May 17, 1916, Taylor and Vicars filed their answers traversing the allegations of the petitions and charging 'fraud in the sale of the stock; and, by way of counterclaim, Taylor asked that his note be cancelled and that he have judgment for the $450.00 which he had paid in cash.

On July 8, 1916, the forty-eighth day of the May term, and on the motions of the defendants, the allegations of the answers were taken as true and the notes were cancelled upon the ground that they had been obtained by fraud. Taylor did not advise Scott & Hamilton that he and Vicars had filed their answers or that the order of July 8th cancelling the notes had been entered.

On October 13, 1916, Scott & Hamilton mailed to Taylor orders dismissing the cases against Taylor and Vicars without prejudice; asking Taylor to show the orders to the defendants or their attorneys; and when they had been entered to return to the attorneys the exhibits filed with the petitions.

Three days later—on October 16th, 1916—Taylor and Vicars moved the court to submit the cases; and, no objection being made the court, on October 18th, entered a judgment dismissing the petition at the plaintiffs' cost, and struck the cases from the docket. Not hearing from Taylor, appellant's attorneys wrote him on October 26th, inquiring if the orders of dismissal had been received and entered, and again requesting that the exhibits be returned. To this further request Taylor paid no attention. It was not until January 26th, 1917, that appellant's counsel learned that the notes had been cancelled and the actions dismissed. In the meantime the September term, 1916, of the court had intervened and expired.

At the following February term of the Pike circuit court appellant entered motions to set aside the judgments and filed his grounds for a new trial upon the ground of fraud practiced by the defendants and un-

avoidable casualty and misfortune which had prevented him and his attorneys from attending the trial. In support of his motions he filed several affidavits setting forth the correspondence with Taylor and the facts as above stated, and alleged that Taylor and Vicars were acting in concert in all that was done. Vicars filed his affidavit traversing the charges of fraud; but as Taylor was the principal actor we will confine our observations upon the facts relating to his activities.

Taylor filed his own affidavit in which he denied that he had ever received a letter from plaintiff's attorneys requesting him to send them copies of the pleadings filed in the clerk's office by the defendant, or that he had received a letter requesting him to notify plaintiff's attorneys of the steps taken in the cases. This is rather a remarkable statement in view of the fact that Scott & Hamilton's letter of May 2nd, to Taylor, enclosing the petitions, expressly requested Taylor, as clerk, to send them copies of the defendants' pleadings, and to advise them when the cases would be set down for trial. That Taylor received the letter is conclusively shown by the fact that he received the petitions and filed them as requested. In his affidavit Taylor further stated that it has never been customary for the circuit court clerk of Pike county to notify non-resident practitioners of the progress of actions filed by them, and that he never agreed to furnish appellant's attorneys with copies of defendants' pleadings.

Taylor entirely overlooks the fact, however, that he was clerk of the Pike circuit court; that the request for a copy of the pleadings was made upon him, as clerk; that the plaintiff was entitled to the copies under section 904 of the Kentucky Statutes, the same to be taxed as costs; and, that under section 1751 the clerk's fees were not due and payable until two months after the services were rendered. Taylor did not and could not have refused to make the copies upon the ground that his fees were not paid; on the contrary he rests his refusal upon the ground that copies had not been requested and that he had not agreed to furnish them. But the record conclusively shows the request, and his duty is fixed by the statute. He cannot hide behind the alleged shortcomings of his deputy, for whose acts he is responsible. The law required Taylor to furnish the copies, and ordinary good faith required him either to

notify appellant's attorneys of the progress of the case, or to notify them of his refusal to do so.

It is insisted, however, that in filing his motion for a new trial in this action the plaintiff did not comply with the provisions of the code upon that subject. The motion for a new trial was made after the expiration of the term at which the judgment was entered, and section 518 of the code confers upon the court the power, after the expiration of the term, to vacate or modify a judgment and grant a new trial for the causes herein relied upon. But section 520 of the code further provides that the proceedings in such cases, shall be by a verified petition, setting forth the judgment, the grounds to vacate it, and the defense to the action if the party applying was defendant; and that the proceedings on the petition shall be the same as those in the case in which the judgment was rendered.

The unverified paper filed in each of these cases was styled: "Motion to set aside judgment and for a new trial;" and, after enumerating the grounds of fraud and unavoidable casualty, the paper more fully stated the facts of the alleged fraud and the casualty complained of as above narrated, and closed with a prayer that the judgment be set aside and a new trial granted. On March 3, 1917, the defendants, appearing specially and for the purpose only of entering the motions, moved the court to strike the motions to set aside the judgment and for a new trial from the files because neither of the alleged grounds therein relied upon could be set up by a motion in the original action, and could be made available only in separate suits in equity directly attacking the judgments. The court took the appellees' view of the cases; overruled the appellant's motions for new trials; and Jeffers appeals.

Counsel for the appellant insists that the motion is in substance and fact a petition, although not so styled in the caption, and really satisfies section 518 of the code. In support of this practice of filing the petition in the original action, appellant relies upon Henry Vogt Machine Co. v. Pennsylvania Iron Works Co., 23 Ky. L. R. 2163, 66 S. W. 734, where it was said that while the proper practice is to make the application by an independent action, it may be done by an amended pleading in the pending action. See also Ray v. Arnett, 32 Ky. L. R. 562, 106 S. W. 828, and Southern National Life Insurance Co. v. Ford's Admr., 151 Ky. 476.

A careful reading, however, of those opinions fails to show that any objection was made to the filing of the petition in the pending action; and, in the absence of an objection the code provision requiring the proceeding to be by a separate action obviously was treated as waived.

Here, however, the defendant was careful to raise the question by a motion, made for that purpose only; and, we are of the opinion that whenever the question is thus properly raised the courts must enforce the specific provisions of the code, by requiring the application to be made in an independent action, and prepared accordingly. Section 520 of the code requires the petition to be verified, and provides that the proceedings shall be the same as those in the action in which the judgment was rendered. Here, the petitions were not verified; they did not set forth the judgments except by date reference, and were not even styled petitions; no summons was issued upon them; the proof was taken by affidavits instead of by depositions, or by witnesses examined in open court. It is evident that the motions were made under section 342 of the code which relates to applications for a new trial made at the term at which the judgment is rendered, and that the circuit court properly held the proceedings did not satisfy section 518 and the other code provisions relating to applications for a new trial made after the expiration of the term.

It may be observed, however, that the application may yet be made upon the ground of fraud under sections 2515 and 2519 of the Kentucky Statutes, providing that actions for relief upon the ground of fraud practiced by the successful party may be brought at any time within five years after the discovery of the fraud, but not later than ten years after its perpetration. Smith v. Mullins, 3 Met. 182; Lawless v. Sevier, 5 Ky. L. R. 239; Commonwealth v. Caudell, 121 Ky. 537; Estep v. Estep, 124 Ky. 425; L. & N. R. R. Co. v. Paynter's Admx., 125 Ky. 530.

Judgment in each case affirmed.