## Harris, et al. v. Sparks.

(Decided November 22, 1927.)

### Appeal from Estill Circuit Court

1. Judgment.—Evidence in suit to vacate judgment adjudging defendants' ownership and quiet enjoyment of certain lands claimed by plaintiff justified holding that plaintiff was not represented by counsel in former action in which she was named defendant, but of which action she claimed she had no notice until several years later, when sheriff ejected her son from residence on her premises.

2. Estoppel.—"Waiver" is intentional relinquishment of a known right and assumes existence of an opportunity for choice between relinquishment and enforcement of right.

3. Abatement and Revival.—Nonaction of defendant, having no notice, actual or constructive, of suit to adjudge ownership and quiet enjoyment of certain lands, was not proof that she intentionally relinquished her right to object to further prosecution of suit after death of plaintiff without an order of revivor.

4. Limitation of Actions.—Suit brought under Civil Code of Practice, par. 518, providing that judgment may be vacated for death of one of parties before judgment in action, to vacate judgment in suit of which plaintiff, who was defendant in that suit, had no notice, brought within 5 years from date of her discovery of judgment, and within less than 10 years after rendition of judgment, held to fall within Ky. Stats., sec. 2519, and was not barred.

RIDDELL & SHUMATE for appellants.

S. P. STAMPER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is a suit to vacate a judgment rendered on the 28th day of March, 1916, adjudging the heirs of D. S. Harris ownership and quiet enjoyment of certain lands claimed by this plaintiff on the ground that the plaintiff in the first suit died before trial, and the action was not revived against defendant therein (plaintiff herein) either by summons, notice or consent and that therefore the judgment is "void." The former suit was styled "D. S. Harris Heirs v. Diana Sparks," and this action being "Diana Sparks v. Charles H. Harris and Fannie Harris Adams," the latter being children of D. S. Harris, deceased. From a judgment for plaintiff, the defendants appeal.

Without setting out the pleadings in detail, it may be said that the petition as amended is not full and complete in every detail, but its omissions were supplied by the answer, and the entire record in the former case was considered on the trial, and the sufficiency of the pleadings is not now questioned. The record in the former case shows that the petition was filed on November 24, 1915, by D. S. Harris, as plaintiff, against Diana Sparks; that Diana Sparks was summoned on November 25, 1915; that on the 27th of December, 1915, an order was entered reciting:

"By consent of the parties hereto, Eugene Witt, Estill county surveyor, is directed to survey the lands in contest and such of the adjacent lands of the parties hereto as they direct. He will run by the papers produced by the parties, and the lines as pointed out by them, by which they claim by adverse possession, and he will make three accurate maps of such survey, and deliver one each to counsel for plaintiff and defendant, and file one with the clerk of this court, and will report his actions herein done in writing and file same with the clerk, he will, before surveying, give notice in writing by delivering a copy thereof to R. W. Smith and R. R. Friend, and by mailing a copy each to plaintiff and defendant, and the time shall be computed as to the parties from day following such mailing."

The steps further show that the surveyor filed his report on March 13, 1916, but that report does not appear in the transcript. On the 28th day of March, 1916, the following order was entered:

"It appearing that the plaintiff, D. S. Harris, departed this life on the 10th day of March, 1916, and by consent of the defendant, it is ordered by the court that this action be and the same is revived in the name of the heirs at law of said D. S. Harris, to wit, Charles Harris and Fannie Adams; and it is further ordered that this action be hereafter docketed in the name of D. S. Harris Heirs against Diana Sparks, and this cause is continued."

The further steps show that plaintiff later filed depositions and moved for a submission, and on the 30th day of December, 1916, the action was submitted and judgment rendered in favor of plaintiffs. The plaintiffs'

pleadings were signed by R. W. Smith as attorney. The defendant filed no pleadings, and the only reference to an attorney for her is that stated, supra, in the order of survey. In this action plaintiff Diana Sparks testified that she had not employed an attorney nor authorized any. one to act for her in the former suit, that no order nor notice of revivor was served on her, and that she had no notice whatever of the steps taken in that case, nor of any judgment therein, until about the 1st of March, 1921, when the sheriff, acting under a writ of possession, ejected her son from a residence in which he was living on her premises. She further introduces deeds to the land claimed by her, dating back to 1884, and proves by herself and several other witnesses an unbroken line of adverse hostile possession to that land to well-defined boundaries under color of title; the surveyor stating that the land claimed by her in this action had been surveyed by him and is embraced within her boundary.

Appellants insist that it is shown by the record of the former action that Diana Sparks was then represented by counsel. But it will be observed that no pleadings were filed on her behalf, and while the order of survey recites that notice should be given to R. R. Friend, it does not specifically recite that he was her attorney. Mr. Friend has not testified, although he was a resident of Estill county, and in view of his well-known ability, assiduity, and fidelity, if he had been representing Mrs. Sparks in that lawsuit, the reasonable probabilities are that he would have made some defense for her, and in view of the further fact that her positive statement to the effect that she had not employed any attorney, nor authorized any one to act for her, in that suit, is not contradicted by any one, we cannot say that the lower court erred in so holding.

2. The next insistence is that a distinction is drawn between the death of the plaintiff in a pending action and the death of the defendant. In the latter instance, in order for the judgment to operate, it is essential to bring the representatives of the deceased before the court in some way; but that the death of the plaintiff before judgment is merely a ground of abatement, which may be waived by the defendant, and that, if such judgment is entered without an order of revivor, it is not void, but merely erroneous, reliance being had on Spalding v. Wathen, 7, Bush 659. Assuming the correctness of the legal proposition, it must be borne in mind that this is a

direct proceeding to correct an original judgment in the court in which it was rendered, and that it states a good defense to that action. It is brought under section 518 of the Civil Code, which provides that a judgment may be vacated in the court of its rendition, "for the death of one of the parties before the judgment in the action," and in this respect it is to be distinguished from the Spaulding case, in which the judgment of the Court of Appeals was attempted to be set aside in the circuit court, and no defense was shown to the original action. It will further be noted:

"That waiver is the intentional relinquishment of a known right, and assumes the existence of an opportunity for choice between a relinquishment and the enforcement of the right." 21 C. J. 1115, and cases cited; Bigelow on Estoppel, c. 19.

As Mrs. Sparks had no notice, actual or constructive, of the proceedings in the circuit court, and as the statute points out the specific method of revivor, her nonaction is not proof that she intentionally relinquished her right to object to the further prosecution of that suit without an order of revivor.

Lastly, it is argued that, as the statute of limitation began to run on the rendition of the judgment on the 30th of December, 1916, and more than 5 years thereafter elapsed before this action was instituted, it is barred by the statute of limitation. It will be observed, however, that appellee's proof shows that she did not discover the judgment until the 30th of December, 1921, and the suit was filed within less than 5 years of this date, and within less than 10 years after the rendition of the judgment. In numerous cases we have held that, in an action to vacate a judgment upon the ground of fraud or mistake, or upon the ground of clerical misprision, aside from a premature submission, falls within the statute (section 2519) limiting relief to 5 years from the time the mistake or fraud was committed or 5 years from the discovery thereof, not in any event to exceed 10 years. See Estep v. Estep, 124 Ky. 421, 99 S. W. 280, 30 Ky. Law Rep. 577; Lawless v. Sevier, 5 Ky. Law Rep. 239; Jeffers v. Taylor, 178 Ky. 392, 198 S. W. 1160; Stone v. Winn, 165 Ky. 9, 176 S. W. 933; Com. v. Caudill, 121 Ky. 537, 89 S. W. 535, 28 Ky. Law Rep. 521.

The latter case is relied upon by appellants, but we think it clearly in line with the other decisions. In that

case the appellant contended that, if there was a clerical misprision in the judgment, it was not a final order, and therefore not appealable, until a motion was made to correct the misprision. The court held that, though a misprision could not be corrected on appeal until a motion therefor was made in the lower court, nevertheless, for all other intents and purposes, the judgment was final and appealable, and expressly approved the general statute of limitations in cases of this character, saying:

"A clerical misprision is either a mistake or a fraud perpetrated by the clerk of the court, which is susceptible of demonstration by the face of the record, and relief for actions upon either of these grounds is by statute fixed at 5 years from the time the mistake or fraud was committed, or 5 years from the discovery thereof, not exceeding 10 years at the outside."

Wherefore, perceiving no error in the record, the judgment is affirmed.