Opinion of
the Court.
THE plaintiff in error brought his petition and summons against the defendant, and at the first term a judgment by default was rendered against the defendant. On a subsequent day of the same term, the following entry was made:
“ This day came the defendant by his attorney, and on his motion it is ordered, that the continuance entered at the present court herein, be set aside, and leave is given the parties to plead.”
The defendant then filed the plea of payment to the assignor of the plaintiff, before notice of the assignment, and also a plea of set-off. This latter plea sets out and makes profert of another note given by the plaintiff’s assignor to the defendant, dated three years before the note sued on, payable twelve months after date, for value precisely the same in amount with the note in the petition mentioned; and the plea appears to be good in form and substance. Then follows the continuance of the cause until the next term. At the next term, without any replication to the pleas, there is an entry in these words: “ Judgment for the defendant, on the note in the plea of set-off mentioned.”
It is now assigned for error, that the first judgment was not set aside, and that of course the second one is wholly irregular and ex parte. We cannot say that the first judgment was not set aside. It is true, that the record uses the word continuance, and not judgment. The words follow, “ entered at the present court herein,” when in fact no continuance had been entered. Besides, the court allowed the parties to plead, and pleas were actually filed, and the cause continued; and the court treated the order, in all things, as an order setting aside a judgment, and not as an order setting aside a continuance. We cannot, therefore, help seeing that the substitution of the word continuance, in lieu of judgment, is one of those clerical misprisons, which might be amended at any term by the record itself, and therefore ought not to reverse the judgment.
An informal judgment on a plea of set-off, held sufficient in substance.
As to the last judgment being ex parte, we cannot admit it. The plaintiff was, and must be presumed to be, in court, to attend to his cause, while the court had power over it, as they had during the same term, to make any order therein. It is true, the record does not state that he was there by his counsel when the judgment was set aside, or at the next term; but, at the same time, the record is silent as to the reason why he was not there. As no default is shown, and he did not reply to the pleas, and one of these pleas sets forth a note, sufficient, and more than sufficient, to extinguish the note set up in the petition, we conceive that the court might have given, and did rightly give judgment in favor of the note set up by the defendant, extinguishing that set up by the plaintiff; for there is no good reason why the court could not, without the intervention of a jury, when there was no issue requiring a jury, notice a note pleaded by the defendant, as well as that set up by the plaintiff.
The last judgment is really informal, and gives no costs; but the court cannot say that it is wrong in substance, or that injustice has been done by it; and as to the costs, the plaintiff has no right to complain of the omission to give them.
Judgment affirmed.