## Chenault v. Yates, et al.

(Decided December 4, 1913).

### Appeal from Hardin Circuit Court.

Estoppel—Limitation.—The evidence shows that Chenault by his conduct is estopped to assert ownership to the land in dispute now claimed by him, and furthermore that his right to it is barred by the statute of limitation.

JAMES MONTGOMERY for appellant.

L. A. FAUREST, R. L. STITH and IRWIN & IRWIN for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

About 1885 C. A. Johnson conveyed to T. J. Chenault two parcels of land. Chenault paid on the land about $150, and executed notes for the balance of the purchase money. Some time after this, and in 1889, it was agreed between Johnson and Chenault that Chenault should take

one of the parcels for what he had paid and convey the other tract, which is the land now in dispute, back to Johnson in settlement of the unpaid notes. In pursuance of this agreement Chenault signed and acknowledged a deed to Johnson, and it appears that this deed was left with the county clerk of Hardin County under an arrangement that the wife of Chenault should sign it and that Johnson should send the notes to the clerk to be delivered to Chenault. For some reason not clearly shown by the record the wife of Chenault never signed the deed, nor did John ever deliver the notes. What became of the deed or where the notes are is not shown, nor is it material what became of them, as the notes are long since barred by limitation and the deed has ceased to be an important factor in the case.

Some time in 1890 Johnson, understanding that the land had been conveyed back to him by Chenault, mortgaged it to one Miller, and suit was brought to enforce it for the benefit of the parties to whom Miller assigned the mortgage note and in this suit the land was sold to pay the mortgage lien, and bought by Barry, the appellee herein.

In 1907 Chenault brought this suit against Yates, the sheriff of Hardin County, and Barry, the purchaser of the land at the mortgage sale, seeking to recover from them damages for entering upon the land, and claiming that he was the owner of it.

In answer to this suit the defendants, after setting out in substance the foregoing facts, pleaded that Barry and those under whom he claimed had been in the adverse possession of the land for more than fifteen years, and that the right of Chenault to the land was barred by limitation. They further pleaded that he was estopped by his conduct from asserting any claim to the land.

The lower court, after considering the case, dismissed the petition, and Chenault appeals.

The entire record is in a very confused, imperfect condition, but enough may be gleaned from it to know that there is no merit in the claim asserted by Chenault. He never paid anything on the purchase price of this parcel of land now in controversy. He agreed that Johnson might take this land back upon the surrender of the notes that he had executed for it and did execute to Johnson a deed. It is true this deed was never signed by his wife and probably was never delivered to or taken possession of by Johnson, who, it seems, did not wish to accept the

deed or surrender the notes until Mrs. Chenault signed it. But notwithstanding this situation Johnson evidently understood that he was the owner of the land, because in 1890 he mortgaged it to Miller, and that Chenault recognized Johnson as the owner of it is shown by his repeated statements to Stith and others that he did not claim the land but only wanted possession of the notes he had executed to Johnson and which Johnson, under the arrangement by which the land was taken back, was to deliver to him.

Under the evidence we have presented three strong reasons why Chenault should not succeed in his action. There is first the conceded fact that he deeded this land back to Johnson, his vendor, in satisfaction of the purchase money that he owed Johnson on the land. We have second his statement to Stith and Irwin previous to the time they purchased the Miller note that he did not want the land, but only wanted possession of the notes that he had executed to Johnson and on the faith of which statements Stith and Irwin were induced to and did purchase the Miller note. We have furthermore the fact that for more than fifteen years Chenault did not in any tangible or definite way assert title to the land, thus showing that he recognized the trade by which he had reconveyed it to Johnson as binding. To now recognize Chenault as the owner of the land would result in giving it to him without consideration, in depriving Stith and Irwin of the rights they acquired in reliance upon his statements, and would ignore entirely the fifteen year statute of limitation upon which the defendants in this action rely, and that presents, aside from the other considerations, a good defense to the claim now asserted by Chenault.

The judgment is affirmed.