## Lee v. Pittman.

(Decided February 9, 1917.)

### Appeal from Bell Circuit Court.

1. Ejectment.—A plaintiff in ejectment can recover only upon the strength of his own title.
2. Adverse Possession—How Acquired.—Ownership of land may be acquired by adverse possession thereof for fifteen years.

JACKSON MORRIS, H. B. JONES and W. G. COLSON for appellant.

J. H. JEFFRIES and J. M. GILBERT for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In 1877, James Lee, the appellant, entered upon the tract of land in controversy, under a title bond from David Arnett. Having been indicted in 1885 for the murder of Sampson Miracle, Lee fled the county in November, 1886, and was not heard from by any of his family or acquaintances, until his return to Bell county

in February, 1913, after an absence of more than twenty-six years.

But before leaving Kentucky, Lee, by his deed of November 2, 1885, conveyed his land to David Y. Lyttle and Gillis Colson, attorneys, in payment of their fee for services in defending Lee for the murder of Miracle. This deed was recorded August 28, 1886. After Lee's flight his wife and their seven children continued to live upon the land until Mrs. Lee's death in November, 1895. Shortly threafter, the Lee children, thinking their father was dead, sold the farm. Some of them conveyed their undivided interests to Sol. Miracle; some to Green, and others to Pittman, the appellee, who subsequently acquired the interests of Miracle and Green.

Pittman entered upon the land early in 1896 and has continued to live upon it, cultivating and improving it, ever since.

On August 8, 1913, James Lee filed this suit in ejectment against Pittman, claiming to be the owner and entitled to possession of the land he had sold to Lyttle and Colson in 1885, and which Pittman had held adversely for more than seventeen years. By his petition Lee rests his right to recover upon the ground that he and those under whom he claimed, together with those claiming under him, had held the land adversely to all the world and to a well defined marked boundary, for more than twenty years prior to the entry of Pittman.

The case was tried to a jury; and, upon the conclusion of Lee's proof the circuit court directed the jury to find for the defendant. Lee appeals.

The circuit court rested its ruling upon three grounds: (1) that Lee's title bond, relied upon for a boundary, did not show a well defined boundary, and there was no proof at all tending to show there was such a boundary; (2) that Lee's possession was broken by his conveyance to Lyttle and Colson on November 2, 1885, and his adverse possession could begin to run only from that date and to the spring of 1896, a period of ten years and a few months; and, (3) that there being no proof showing the extent of the possession of Mrs. Lee, after her husband's departure, the plaintiff had failed to establish any title by adverse possession.

It is an elementary rule that a plaintiff in ejectment can recover only upon the strength of his own title. And, the burden being upon Lee to make out his case, he con-

tends that after he fled, in 1886, his wife and children held the farm as his tenants; and that after Pittman's purchase from them he thereby became the sole tenant of plaintiff, and has so held ever since. And, plaintiff would strengthen this claim by showing that Colson told Pittman that so far as he was concerned he was holding the land for the protection of Lee, although the deed from Lee to Lyttle and Colson, was absolute, upon its face. But Colson did not claim to be acting for Lyttle, and the deed stands without attack either from the pleadings or the proof. And, the proof shows that the Lee children claimed to be the owners of the land they sold; there is no intimation that they claimed to be tenants of their father. They thought he was dead and dealt with the land as owners.

Furthermore, the proof showing Pittman's continuous possession, adverse to all the world, since early in 1896—a period of more than seventeen years—is uncontroverted. The fact that this possession had continued for fifteen years established Pittman's title. Whitley County Land Co. v. Powers, 146 Ky. 801; Blanton v. Howard, 148 Ky. 547; Martin v. Hall, 152 Ky. 685; Mounts v. Mounts, 155 Ky. 363; Chenault v. Yates, 156 Ky. 280; Frazier v. Ison, 161 Ky. 383; Miniard v. Napier, 167 Ky. 208.

It is, therefore, unnecessary to consider the effect of the deed from Lee to Lyttle and Colson in connection with Colson's testimony, since the judgment must be affirmed under the plaintiff's showing of Pittman's possession, which defeats any antecedent claim of appellant.

Judgment affirmed.