## Clark et al. v. Fergerson.

(Decided October 11, 1929.)

WHEELER & HUGHES for appellant.

W. M. OLIVER for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Affirming.

This is the second appeal of this case. The opinion
on the former appeal contains a full statement of the
facts, and is reported under the style of Fergerson v.
Rieke et al., 223 Ky. 321, 2 S. W. (2d) 405, 408. On the
first trial in the lower court, judgment was rendered for
appellants (defendants then) on the face of the pleadings,
and the appellee (plaintiff then) appealed. In reversing
the judgment this court said:

"It follows from the foregoing that the lower
court erred in entering a judgment for the appellees
on their motion for a judgment on the face of the
pleadings. This motion for a judgment was ob-
viously made by the appellees for the purpose of
testing the question whether the appellants' case on
the pleadings fell within the rule forbidding one co-
tenant to sue his other cotenants in ejectment. It
was never intended by the appellees that, if the court
should determine that appellants' case on the plead-
ings did not come within that rule, they should be
precluded from presenting evidence to sustain their
allegations of fact which, if established, stripped the
appellant of all title to the property in question."

The allegations of fact there referred to were those
alleged by appellants in their answer, in substance, that
the deed and lease executed were in fact and in truth only
an option to purchase on the part of appellee, which
option to purchase had long since been abandoned by all
parties, and that by mistake the deed and lease did not
express the true agreement of the parties. On the re-
turn of the case to the circuit court, there was no effort,
however, to reform those instruments to express such al-
leged true agreement, nor was there a motion to trans-

fer the case to equity for that purpose. This condition of the record was referred to in the former opinion, yet, when the case was again reached for trial, nothing was done, except to file a rejoinder traversing the allegations of appellee's reply. At the conclusion of the evidence on the second trial, the court instructed the jury to find for plaintiff, and from a judgment rendered on that verdict the defendants have appealed.

1. The first ground urged for a reversal is that the court . should have awarded appellants the burden of proof. This is an action of ejectment. It is too well settled to require citation of authoriey that plaintiff in such an action must rely upon the strength of his own title, and it is equally well settled that in such an action the burden is upon the plaintiff. Chenault v. Quisenberry, 57 S. W. 234, 22 Ky. Law Rep. 79; Lee v. Pittman, 173 Ky. 761, 191 S. W. 506. This court did not hold, in the former opinion, that the appellants here had the burden. All that was said in this connection was that the burden of establishing their allegations that the deed and lease relied on by appellee were in fact only meant to be an option to purchase was upon them. These allegations do not have the effect of shifting the burden upon the whole case (Civil Code of Practice, secs. 525 and 526), nor does the opinion so hold. However, this contention is immaterial here, since the court gave a peremptory instruction.

2. The next ground urged for reversal is that the court admitted incompetent evidence against them, and refused competent evidence offered by them.

(a) It is shown in the record that the original papers in the case, including the original deed and lease, have been lost. On the trial, by agreement of the parties, the transcript used in this court on the former appeal was sent to the circuit court and used on the last trial. Appellee put in evidence, as his title papers, the copies thereof in that transcript over appellant's objection. It is now insisted that these title papers were not authenticated as required by section 519, Kentucky Statutes, and for that reason were inadmissible. This contention is without merit. The loss of the original record, including appellee's title papers, and the agreement above referred to dispensed with the authentication of the copies used.

(b) The evidence offered by appellants, to which objection was sustained, was the attempt of appellants to explain what they each meant by the deed and lease they

executed to appellee. This evidence was clearly incompetent. There was no pleading on behalf of appellants authorizing the introduction of such evidence, and, if there had been, a court of law, in an action at law, is not the proper forum for the reception of such evidence. The allegation of the snswer upon which the offered evidence was predicated is:

"They state that through mistake and oversight the instrument relied on by plaintiff, executed November 27, 1918, failed to show distinctly the real agreement between the parties, namely, that the plaintiff was to be given an option to purchase the undivided interest of these defendants as hereinabove set forth."

That allegation is insufficient, even in an equitable action to reform an executed instrument. Reformation can only be had when there is a mutual mistake, or a mistake upon the part of one party and fraud upon the part of the other. Robinson v. Eastern Gulf Oil Co., 196 Ky. 385, 244 S. W. 914; Scott v. Spurr, 169 Ky. 575, 184 S. W. 866; Williams v. Harvey, 192 Ky. 684, 234 S. W. 315; Denney v Crabtree, 194 Ky. 185, 238 S. W. 398. The offered evidence was therefore incompetent, and the court committed no error in refusing it.

3. Appellants' contention that appellee's alleged silence for seven years should estop him from asserting any claim to the property in controversy has nothing of substance to support it. Under the deed he was not entitled to possession of the property until December 30, 1925. The lease was executed for the purpose of putting him in possession. Possession of the property by him was a condition precedent to his liability for rents, which were to apply as interest on the $10,000 note executed by him for the purchase money; yet he has never had possession, and appellants have collected the rents. When he was entitled to possession under his deed, he acted promptly. Under these circumstances, laches cannot be attributed to him; nor can an estoppel be maintained against him, for it is essential in such cases that the person who is invoking estoppel must have been influenced by or relied upon some representation or conduct of the person sought to be estopped, and was thereby induced to do something to his prejudice (Hodge Tobacco Co. v. Sexton, 166 Ky. 219, 179 S. W. 36), and that the representations or conduct relied on must deceive to his hurt him

who pleads and relies thereon (Kraut v. City of Dayton, 97 S. W. 1101, 30 Ky. Law Rep. 191; South v. Deaton, 113 Ky. 312, 68 S. W. 137, 1105; City of Covington v. Patterson, 191 Ky. 370, 230 S. W. 542).

Appellee was entitled to the peremptory instruction given by the court, and the judgment appealed from should be, and it is, affirmed.