## Lee et al. v. Lee et al.

(Decided April 24, 1931.)

WILLIS STATON for appellants.

W. K. STEELE for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On July 5, 1875, Hibbard Williamson conveyed to his daughter appellee Sarah Lee, a life estate in 325 acres of land in Pike county with the remainder to her children. Sarah Lee had five children, Charles Lee, Hibbard Lee, Sanford Lee, Mary Lee Bishop, and Laura Lee Scott. When these children married they settled, with their mother's permission, on the tract of land in which they owned the remainder and their mother the life estate. Mary Lee Bishop and Laura Lee Scott sold their remainder interests to some of their brothers. Charles Lee, who had settled on that part of the land here in controversy, died leaving one son, Otis Lee. Otis Lee died leaving an infant son, the appellant Charles Houston Lee, who is the great-grandson of appellee Sarah Lee.

On February 10, 1928, Charles Houston Lee instituted this action in the Pike circuit court by his mother, Audry Nichols, as his next friend, against the appellee

Sanford Lee. In the petition it was alleged that the Sarah Lee farm "some thirty years ago was by mutual agreement between Sarah Lee, life tenant, and her children partitioned and the hereinafter described part was in said allotment set apart to Charles Lee, the grandfather of this infant plaintiff." It was further alleged that the defendant Sanford Lee had unlawfully entered upon that part of the land claimed by the plaintiff, was trespassing thereon and attempting to take possession of it. An injunction restraining him from entering upon and taking possession of the land was prayed.

Sanford Lee filed an answer which was in two paragraphs. The first paragraph was a traverse, and in the second paragraph he alleged that his mother, Sarah Lee, was the owner of the life estate in the land and that he was acting under her direction and as her tenant. Sarah Lee filed an intervening petition asking to be made a party defendant, in which she alleged that she owned a life estate in the land which she had never conveyed, and that she had permtited her children, including Charles Lee, the grandfather of the infant plaintiff, to reside upon the land, but that their right was only permissive. The deed to her from her father, dated July 5, 1875, in which she was conveyed a life estate in the land, was referred to as her source of title, and a copy of the deed was filed with and made a part of the intervening petition. She was permitted to file her intervening petition, and an order was entered directing that she be made a party defendant and that her petition be treated as an answer to plaintiff's petition. No other pleadings were filed, and the case was submitted after plaintiff had taken his proof. The court dismissed the petition and adjudged that Sarah Lee was entitled to the use and occupancy, during her life, of the lands described in the petition. The judgment was entered on December 20, 1928.

On March 18, 1929, the appellant Charles Houston Lee, by his mother as his next friend, and the appellants Estel Clark Lowe, Thurman Clark, Mary Nell Clark, Geraldine Clark, Myrtle Clark Helvey, and Audry Nichols, brought this action in which they sought to set aside the judgment of December 20, 1928, because, as they alleged no reply was filed to the intervening petition of Sarah Lee by reason of the fraud, oversight, or mistake of the attorneys who represented Charles Houston Lee in the action and because the attorneys for the plaintiff in that

action failed to file and make a part of the record the deed, dated August 14, 1902, from Mary Lee Bishop and her husband to Charles Lee, and which was signed by Sarah Lee and her husband, and which they alleged conveyed to Charles Lee the life estate of Sarah Lee in the land in controversy. It was also alleged in the petition that Otis Lee conveyed a part of the land in controversy to Owen Clark, who died intestate leaving as his only children and heirs at law Estel Clark Lowe, Thurman Clark, Mary Nell Clark, and Geraldine Clark. Myrtle Clark Helvey is the widow of Owen Clark, and Audry Nichols is the widow of Otis Lee.

A demurrer to the petition was sustained, and, the plaintiffs having declined to plead further, their petition was dismissed. From the judgment dismissing the petition, they have appealed.

In the first action no summons was issued on the intervening petition, and it is argued that the judgment therefore is void, since, as appellants claim, the infant plaintiff in that action was not before the court. No summons was necessary. The original defendant, Sanford Lee, in his answer alleged that Sarah Lee owned a life estate in the land and that he was only a tenant under her. The purpose of the action was to have the plaintiff's title quieted. Sarah Lee was the real party in interest and the one who was claiming title adverse to the plaintiff. She became a party to the suit and merely stepped into the shoes of her tenant, who was the original defendant, and assumed the burden of the defense. No new cause of action was instituted.

A judgment will not be set aside and a new trial granted on account of mistake or neglect of parties or their counsel (McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S. W. 747; Prater v. Campbell, 110 Ky. 23, 60 S. W. 918, 22 Ky. Law Rep. 1510; Payton v. McQuown, 97 Ky. 757, 31 S. W. 874, 17 Ky. Law Rep. 518. 31 L. R. A. 33, 53 Am. St. Rep. 437; Phillips v. Skinner, 6 Bush, 662), but waiving that question and also the question as to the right of appellants, other than Charles Houston Lee, to maintain an action to set aside the judgment in an action in which they were not parties, the defense to the intervening petition of Sarah Lee, now relied on as ground for setting aside the judgment in the first action, avails appellants nothing. The facts pleaded do not constitute a valid defense to the claim of ownership and

480

right of possession asserted by Sarah Lee in the first action. She claimed a life estate in the land by virtue of the deed from her father dated July 5, 1875. Appellants in this action rely upon a deed dated August 14, 1902, and claimed that it divested appellee Sarah Lee of her interest in the land. This deed purported to convey to Charles Lee the interest of Mary Bishop in the land. It was signed by Mary Bishop, Roland Bishop, Sarah Lee, and Robert S. Lee, but the name of Sarah Lee does not appear in the body of the deed nor does the name of Robert S. Lee. Her name appears neither in the caption of the deed nor in the granting or habendum clause. It appears from the clerk's certificate of acknowledgement that only Mary Bishop and her husband acknowledged the deed.

Inasmuch as Sarah Lee's name nowhere appears in the body of the deed as grantor, the deed was absolutely void as to her and passed no title to Charles Lee, under whom appellants claim, except the title of Mary Bishop to her undivided interest, which was a remainder interest. Parsons v. Justice, 163 Ky. 737, 174 S. W. 725; Farley v. Stacey, 177 Ky. 109, 197 S. W. 636, 1 A. L. R. 1181; Stephens v. Perkins, 209 Ky. 651, 273 S. W. 545. It follows that the lower court properly sustained the demurrer to the petition.

The judgment is affirmed.