## Mussman v. Pepples.

(Decided May 3, 1932.)

WM. H. NEWELL for appellant.

LEWIS F. BROWN and P. M. McROBERTS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

This appeal is a corollary to Mussman v. Pepples, 232 Ky. 254, 22 S. W. (2d) 605. That was a suit filed in the Kenton circuit court by William C. Pepples to enjoin the collection of an execution issued on a judgment for alimony in favor of his former wife, Josephine Pepples Mussman, rendered by the Lincoln circuit court. We held that the action was a collateral attack on the judgment and could not be sustained. Pepples thereafter filed suit in the Lincoln circuit court, under the provisions of section 518, Civil Code of Practice, to set aside so much of the judgment entered in the divorce proceeding as awarded the wife $1,800 in alimony, on the ground that it was procured through fraud practiced by her, and to perpetually enjoin the enforcement of that judgment. The divorce decree is not involved on the appeal.

The petition set out fully the same facts in respect to the filing and pendency of suits for divorce in the Kenton circuit court by the defendant and plaintiff, respectively, and another suit filed by the wife in the Lincoln circuit court, as mentioned in the opinion in the other appeal. In addition to the specific allegation of fraud because of deception of the court in respect to the plaintiff's residency in Lincoln county, proof of which was prerequisite to jurisdiction in divorce proceedings (section 2120, Statutes), it was charged also that depositions were taken in the case without notice to the defendant, as is required by section 565 of the Civil Code of Practice.

The chancellor concluded that the appellant had procured the judgment by fraud and granted the relief prayed for. It is not necessary to express our opinion concerning that matter in view of our conclusions on another phase of the case.

The defendant interposed in this case a plea of the five-year statute of limitation (sections 2515 and 2519), which provides that an action for relief on the ground of fraud or mistake shall be commenced within five years next after the cause of action accrued, and that such cause shall not be deemed to have accrued until the discovery of the fraud or mistake, but that no such action shall be brought ten years after the perpetration of the fraud. By judicial interpretation, if there was not earlier actual knowledge, the limitation commences to run when by the exercise of ordinary care the mistake or fraud ought to have been discovered. Johnson v. Fetter, 224 Ky. 788, 7 S. W. (2d) 241. These statutes are applicable to the remedies provided in section 518, Civil Code of Practice, which authorize the vacation of a judgment after the expiration of the term at which rendered for fraud practiced by the successful party. Jeffers v. Taylor, 178 Ky. 392, 198 S. W. 1160; Nicely v. Hickman, 188 Ky. 258, 221 S. W. 566; Harris v. Sparks, 222 Ky. 472, 1 S. W. (2d) 772.

The evidence in this case is uncontradicted that the appellee had no actual knowledge of the rendition of the judgment against him in the suit for divorce and alimony. The participation by his wife in the divorce proceedings he had instituted against her in the Kenton circuit court, and which were then pending, without doubt led him and his counsel to believe in good faith that her suit in the Lincoln circuit court had been abandoned. Her actions certainly were calculated to do so. The failure for nearly eight years to have an execution issue on the money judgment against him confirmed his belief that the suit had been abandoned, and that no judgment had ever been rendered against him in that court. But, as the defendant therein, he had filed a motion to quash the return on the summons. That was overruled, and it was up to him to plead further or suffer the consequences. In harmony with other courts, we have held that a party is chargeable with notice of what the court does—not necessarily limited to what he legally does—and of all subsequent steps taken in his case, although he is in fact not present in person or by counsel when the orders are entered, and he has no actual knowledge thereof. He is presumed to be always in court attending to his case. Sharpe v. Fowler, 16 Ky. (Litt. Sel. Cas.) 446; Nicely v. Hickman, supra. "Discovery of the fraud or mistake," the term used in the

statute, means the acquisition of knowledge thereof. In contemplation of the law, knowledge consists, not only of what one certainly knows, but also of information which he might have obtained by an investigation of facts which he does know and which impose upon him the duty to make that investigation. May v. C. & O. Ry. Co., 184 Ky. 493, 212 S. W. 131; Cable Piano Co. v. Lewis, 195 Ky. 666, 243 S. W. 924; Mitchell v. First National Bank, 203 Ky. 770, 263 S. W. 15. A judgment will not be set aside on account of mistake or neglect of parties or their counsel. Lee v. Lee, 238 Ky. 477, 38 S. W. (2d) 223. The facts disclosed were not such as to overcome limitations, and on that ground the court was not authorized to set aside its former judgment.

Therefore the judgment herein is reversed, with directions to dismiss the petition.

The whole court sitting.