## Baker v. Glens Falls Ins. Co.

(Decided Feb. 18, 1936.)

CHARLES N. HOBSON and B. J. BETHURUM for appellant.

H. C. KENNEDY and FRANK M. DRAKE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

The appellee issued a fire insurance policy for $1,000 on the household goods of the appellant, Arthur Baker, located in a certain house in Somerset. The goods were thereafter moved to another house, of which the defendant's agent had notice. Later Baker moved again to the village of Ringgold in Pulaski county, where a fire occurred three weeks afterward and destroyed the property. When payment was declined, this suit was brought. At the close of the plaintiff's evidence, the court directed a verdict for the defendant. The appeal follows.

The appellant maintains that all elements of a cause of action were pleaded and proved, while the appellee justifies the peremptory instruction upon the grounds (1) there was no proof of ownership; (2) no allegation or proof of destruction by fire; or (3) no competent evidence of the company having been notified or having consented to the change in the location of the property.

The case was rather loosely practiced (by attorneys other than those bringing the appeal), but the allegations of the petition that the policy covered property "which belonged to plaintiff" was not denied. The only evidence tending to sustain ownership was the affidavit of the plaintiff so stating, which was a part of the proof of loss and admitted in evidence. Since the allegation of the petition was not denied, it must be held sufficient to have relieved the plaintiff of the necessity of specifically proving his ownership.

Concerning the contention that there was no pleading that the loss was caused by the hazard insured against, that is by fire, it is observed that the petition stated that the property was "totally destroyed," and the amended petition that it was "destroyed by fire." Equally devoid of merit is the claim that there was no evidence of loss by fire. The plaintiff stated specifically that the defendant had issued to him a fire insurance

policy and introduced it in evidence. It, of course, described the nature of the property and the risk. He testified he had had a fire on December 19th or 20th, and had notified the company and had furnished the agent an itemized proof of loss, which was filed in evidence. On cross-examination he stated it was the same furniture he had moved from its original location described in the policy, and repeatedly referred to the loss by fire.

The policy was issued through Barnes and Ford, agents of the defendant. The plaintiff testified that he moved to the James addition and had had the insurance transferred. Later, Barnes was superseded as agent by Frank Ellis. After the fire, Baker went first to Barnes, who told him he was no longer the agent of this company, but that he "would take care of it for me." After the fire he had a conversation with Ellis, and asked if Barnes had told him to transfer the insurance, and if he had done so. Ellis replied that Barnes had told him, but that he had neglected to do it. It is not contended by the appellee that the knowledge of Ellis as to the removal was not its knowledge, and did not constitute its consent to the transfer to the new location, nor is it denied that this evidence is not sufficient to show such knowledge or to establish liability under the policy on that ground. See Firemen's Insurance Company of Newark, N. J. v. Yarbrough, 234 Ky. 525, 28 S. W. (2d) 771. The contention is that Barnes was no longer its agent, and that the evidence of Ellis' statements after the fire was incompetent; hence that there was a failure of proof.

We have the testimony in effect that Baker had constituted Barnes as his agent to notify Ellis, the company's agent, and an admission by Ellis that he had received that notice but had neglected to take formal action. Reliance is had upon the rule of evidence that statements of an agent regarding a past transaction are not competent against a principal. That rule is applicable when the statements relate to a past occurrence which itself gives rise to the cause of action and cannot be regarded as part of the res gestæ. But there is a distinction when the evidence is of a declaration made while acting within the scope of his business and authority concerning the ultimate fact. The thing to be proved here was that this very man had re-

ceived knowledge of the removal of the property. In Connecticut Fire Insurance Co. v. Moore, 154 Ky. 18, 156 S. W. 867, 870, Ann. Cas. 1914-B, 1106, the question was whether or not an agent had knowledge of additional insurance on the property destroyed and evidence was introduced that during the trial of the case, seeking to recover the insurance, the agent stated that he had been told that other insurance had been written on the goods. Holding this admission to be competent, the court said:

> "The insurance in question being still in force, and the additional insurance having been obtained during the continuance of the policy in question, and he having authority to waive the additional insurance clause, it was likewise within the scope of his authority to make an admission that was binding both on him and the company; therefore, his statements to the effect that he had received notice of the additional insurance some time before the fire were admissible as substantive evidence."

See, also, 22 C. J. 383.

The evidence having been properly admitted, it constituted some proof of notice and consent. Hence it was sufficient to take the case to the jury.

Judgment reversed.