## Graves v. Dillingham et al.

March 21, 1939.

J. S. Sandusky, Judge.

B. J. BETHURUM, H. CLAY KAUFFMAN and L. L. WALKER for appellant.

ROGER D. BRANIGIN, J. F. WILLIAMSON, MARTIN R. GLENN and J. J. FELTON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—'Affirming.

Appellant, Mary Susan Graves, filed this action in October, 1935, to get possession of a tract of land occupied and claimed by appellee, Dallas Dillingham, and to recover damages for rentals and profits from the land. The Federal Land Bank of Louisville was made a party to the action by amended petition because of its mortgage on the land in Dillingham's possession, and J. R. Mink was also made a party by amended petition because he owned 10 acres of the land in question. The cause was transferred to the equity docket and the issues were joined. The trial judge having submitted the question of fact to a jury, sustained appellees' motion for a peremptory instruction at the close of appellant's proof. Judgment was entered on this verdict dismissing appellant's petition, and she is appealing therefrom.

John Sayers, a resident of Rockcastle county, Kentucky, died in 1901. He left a will which was duly recorded in the county clerk's office in which he devised his real estate in Rockcastle county to Miriam Hayes, mother of appellant, for her natural life, and at her death to appellant in fee simple. In 1902, Miriam Hayes conveyed the real estate by general warranty deed to appellee J. W. Mink. Mink kept a small part of the land, but sold the remainder which consisted of some 97 acres. The 97 acre tract changed hands several times and was in the possession of appellee Dillingham at the time this action was filed.

In November 1922, J. W. Mink and J. W. Steele, who then owned the 97 acre tract, filed an action in the Rockcastle circuit court against appellant and her husband, John Graves, in which they sought to quiet title to the land. They alleged that Mary Susan Graves and her husband were claiming some right, title and interest in the land in question. They set forth also that appellant sold and deeded to her mother, Miriam Hayes, all of her interest in the property in 1901, and that the deed to her mother was duly executed and acknowledged, and was recorded in the Rockcastle county clerk's office in 1901 in Deed Book 17, pages 433, 434. They alleged further that shortly before the filing of the action someone had cut the pages out of Deed Book 17 on which the deed was recorded. By an amended petition filed in February, 1923, Mink and Steele alleged that Mary Susan Graves and her husband were in Rockcastle county when the action was filed, but that they had since left the county and gone to Casey county, Kentucky, and that from Casey county they had gone to Bodark, Missouri; and further that Bodark, Missouri, was the name of the post office nearest the place where Mary Susan Graves and her husband resided. They prayed for a warning order against the Graves in their amended petition.

A warning order attorney was appointed and he reported that he had written Mary Susan Graves and her husband, notifying them of the pendency of the suit, but they had not replied to his letter. He also stated that he had examined the pleadings and proof, and that "it seems that the plaintiffs are entitled to the relief sought." In 1923 judgment was entered in that action in which it was adjudged that Mink and Steele were the owners and in possession of the lands which they

were then holding; that their titles were quieted; and that Mary Susan Graves and her husband were enjoined, restrained and prohibited from setting up any claim to the said lands or any part thereof. Appellees pleaded and relied upon this 1923 judgment as res judicata and therefore a bar to this suit filed in October, 1935, by Mary Susan Graves.

Appellant testified that she did not learn of the John Sayers will until a short time before the death of her mother in February, 1935; that she did not execute a deed to her mother; and that she received no notice concerning the suit filed by Mink and Steele in 1922. Appellant's brother testified that his mother told him in 1902 or 1903 that she had fixed things so she could sell the land and that his sister, Susan, did not know anything about it. He said that his mother asked him not to tell his sister about the matter and that he did not do so until about the time she filed her action against appellees late in 1935.

In urging reversal appellant is insisting that (1) the burden of proof should have been placed on appellees, and that the peremptory instruction was improper; (2) the suit to quiet title filed in 1922 was unauthorized; and (3) it was the duty of appellees to show that the deed from appellant to her mother was duly signed and executed.

It appears in the record that on the 28th day of January, 1937, an order was entered, one part of which was, "By agreement of attorneys for plaintiff and defendant the burden of proof is on the defendants and defendants will first take their proof." Counsel for appellees insist that this entry found its way into the record by some "mistake or irregularity." They state further that, when the action came up for trial, counsel for appellant sought to procure a ruling from the trial court that the burden of proof was upon the appellees, but that the court ruled otherwise and required appellant to first introduce her evidence. Appellees insist that the action being in the nature of an action in ejectment, the burden of proof was properly placed upon appellant. With this contention we agree. Fordson Coal Company v. Wells, 245 Ky. 291, 53 S. W. (2d) 564; Clark v. Fergerson, 231 Ky. 36, 20 S. W. (2d) 1013; Owensboro, etc., R. Co. v. Barker, 22 S. W. 444, 15 Ky. Law Rep. 175; Young v. Cox, 14 S. W. 348, 12 Ky. Law Rep. 347.

This suit was brought 12 years after judgment was entered in the suit filed against appellant and her husband by Mink and Steele in 1922. Under section 414 of the Civil Code of Practice, appellant could have moved the court at any time within five years after judgment was entered in that suit in 1923 to have the cause retried. Highland Land & Building Company of Dayton, Kentucky, v. Audas, 110 S. W. 325, 33 Ky. Law Rep. 214. She did not do this, nor was the judgment attacked under section 518 of the Civil Code of Practice. But, even in that event, the judgment should have been attacked within 10 years after its rendition. Harris v. Sparks, 222 Ky. 472, 1 S. W. (2d) 772; Mussman v. Pepples, 243 Ky. 674, 49 S. W. (2d) 592.

Appellant is now insisting, however, that the suit filed by Mink and Steele in 1922 was not properly brought. It is contended that, since those parties claimed in that action that a deed had been destroyed, they should have sought to have it replaced in accordance with section 4000 of the Statutes. It is further contended that those parties who were holding the property under a deed from the life tenant could not maintain an action to quiet title against the remainderman under section 11 of the Statutes. It is our conclusion, however, that Mink and Steele alleged facts sufficient to warrant the suit brought by them in 1922. A final judgment was entered in that suit in 1923 granting those parties the relief sought. That judgment was not attacked directly or indirectly until appellant filed her suit late in 1935. It is our conclusion, therefore, that appellees' plea of res judicata was well grounded. Crider v. Sutherland, 186 Ky. 7, 216 S. W. 57; Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442; Newhall v. Mahan, 245 Ky. 626, 54 S. W. (2d) 26; Revis v. Duff, 275 Ky. 626, 112 S. W. (2d) 518. Dillingham, having succeeded to the property formerly owned by Steele, was also justified in making the plea of res judicata. Pineville Steam Laundry v. Phillips, 254 Ky. 391, 71 S. W. (2d) 890.

We are constrained to conclude, from our examination of this record, that appellant's substantial rights were not prejudiced by the giving of the peremptory instruction by the trial court in favor of appellees.

Judgment affirmed.