**PEOPLES GAS CO. OF KENTUCKY, Inc. v. FITZGERALD, Adm'r.**

**No. 11127.**

United States Court of Appeals
Sixth Circuit.

April 19, 1951.

---

Fritz Krueger, Somerset, Ky., and Allen Prewitt, Frankfort, Ky., on the brief, for appellant.

Ben D. Smith, Somerset, Ky., on the brief, and Smith & Blackburn, Somerset, Ky., of counsel, for appellee.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

This action, brought by Fitzgerald as Administrator of Rydingsvard against appellant Peoples Gas Company for damages for the alleged negligent killing of the decedent and for property damage to his household goods and effects, was tried to a jury in the district court on special issues of fact, all of which were resolved against appellant. In conformity with the jury verdict, judgment in favor of appellee for $26,844 was entered.

The death of Rydingsvard was the result of a gas explosion in the basement of his dwelling house. It is undisputed that, shortly after the explosion, a gas leak was found in the elbow of a pipe leading to a meter

through which the gas entered the basement of Rydingsvard's dwelling house. The jury found that the leak existed prior to and at the time of the explosion; and that, before the explosion occurred, gas escaping from the leak in the gas pipe entered the walls and basement of the dwelling house of the decedent causing an accumulation of gas which exploded and killed appellee's intestate.

The jury found further and vitally that the appellant and its agents entrusted with the duty of inspecting, maintaining and repairing its gas lines and equipment in Somerset, Kentucky, where the accident occurred, knew or by the exercise of ordinary care could have discovered the gas leak in sufficient time before the explosion to have prevented it by repairing the leak, or by shutting off the gas from the pipe. The explosion was found to have been the direct result of the failure of appellant to exercise ordinary care with means reasonably available to it. The jury found also that the appellee's intestate was not guilty of contributory negligence in failing to exercise ordinary care for his own safety. All the special findings of fact of the jury are supported by substantial evidence.

1. Appellant contends that the district court did not apply the correct criterion as to liability; and says that, in the absence of actual knowledge of a leak in a gas line owned and controlled by a customer, the supplier of the gas is under no duty to cut off the gas or to take other precautions.

 The phrase "actual notice" has not been construed by Kentucky courts in respect to this particular factual situation. But, in Hutcherson v. Louisville & N. R. Co., 247 Ky. 317, 57 S.W.2d 12, it was held that whatever puts a party on inquiry amounts in law to notice, provided an inquiry becomes a duty.

In Mussman v. Pepples, 243 Ky. 674, 49 S.W.2d 592, the Court of Appeals of Kentucky in construing provisions of the statute of limitations relative to "discovery of fraud" held that the phrase means the acquisition of knowledge of the fraud; and said that in "contemplation of the law, knowledge consists, not only of what one

certainly knows, but also of information which he might have obtained by an investigation of facts which he does know and which impose upon him the duty to make that investigation. [citing cases]."

 Added to positive evidence of the direct notification to the company of the existence of the gas leak was evidence adduced at the hearing that there was a strong odor of escaping gas pervading the atmosphere around the decedent's house; and, inasmuch as appellant's agents and servants, in particular the maintenance and service manager of the gas company, were shown to have been working in and about that vicinity, there was evidence to indicate circumstantially that the gas company had knowledge of facts sufficient to put it on inquiry concerning the leak and its location. It is reasonable to infer that due diligence of the defendant company or its agents would have disclosed the whereabouts of the leak, permitting a timely remedy. The court's charge, although not in the exact terms of the definitions which we have quoted, is substantially to the same effect and entirely proper in the light of the evidence adduced. The insistence of appellant upon the liability feature of the case is, therefore, unsound.

2. Appellant complains of the admission in evidence of a statement of Grow, who for some twelve years had been its service manager charged with the duty of hunting for leaks and cutting off the gas when leaks were found. Within a few hours after the explosion occurred, the chief of the city fire department telephoned appellant to send some of its employees to the residence of appellee's intestate to check the gas lines with him, so that the leak could be located. In response to this telephone call, the service manager, accompanied by an employee, met the fire chief at the appointed place. The chief testified that while they were in the basement with the tank heater burning, he remarked that it might be well to shut off the heater and make a test as all the air seemed to be out. Whereupon, Grow responded, "O. K. But I don't think we will find any leak as I have checked this before. * * * Been called down here

before." Slaughter, a photographer who was present while Grow and the fire chief were inspecting the premises, testified that Grow said on the occasion that it had been reported to the company that there was a leak and that "they had checked it and didn't find anything."

Appellant contends that the testimony as to the service manager's statements formed no part of the *res gestae* and were inadmissible against it as principal. The rejoinder of the appellee is that admissions or declarations of an agent are admissible to bind the principal, though made after the happening of the principal act but within the scope of the matter then pending, when the admissions or declarations are intimately interwoven and connected with the principal fact; and that statements of agents made after the event may be introduced in evidence against his principal for the purpose of showing scienter. Statements relating to a principal occurrence which, itself, gives rise to the cause of action and cannot be regarded as a part of the *res gestae* are not properly admissible against the principal; "But there is a distinction when the evidence is of a declaration made [by the agent] while acting within the scope of his business and authority concerning the ultimate fact." Baker v. Glens Falls Ins. Co., 264 Ky. 1, 93 S.W.2d 851, 852.

It is clear that in Kentucky, as well as generally, adverse statements or admissions of agents of a corporation are competent against the corporation when such declarations pertain to its business and when made by an agent in the course of and in connection with the performance of his authorized duties. Harlan Public Service Company v. Eastern Construction Company, 254 Ky. 135, 71 S.W.2d 24; Cf. Vincennes Bridge Company v. Poulos, 234 Ky. 243, 27 S.W.2d 952. In the matter of inspection for gas leaks, Grow actually occupied a position equivalent to that of vice-principal of appellant; and the rule stated is, of course, applicable to him. After careful examination of Kentucky authorities, we have concluded that the position of appellant is not well taken.

3. Finally, appellant urges that there was error in the acceptance in evidence of opinion testimony of expert witnesses as to the actual cause of the explosion. All the expert witnesses were duly qualified as such to give opinions upon the subject, and we find no error made in the court's rulings which permitted each to give his opinion as to the cause of the explosion.

This court has stated that the general rule permits a witness experienced in technical matters and qualified to do so to give his opinion in a matter which is not one of common knowledge, although it involves an ultimate fact to be finally decided by the jury. See Detroit, T. & I. R. Co. v. Banning, 6 Cir., 173 F.2d 752, 756 and cases there cited, certiorari denied 338 U.S. 815, 70 S.Ct. 57.

Though the Kentucky rule may be otherwise, the federal rule is to be followed, because it is most favorable to the reception of the evidence. Federal Rule of Civil Procedure 43(a), 28 U.S.C.A., provides: "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules. All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner."

The judgment of the district court is affirmed.