MADISON COUNTY, Kentucky, Appellant,

v.

J. B. ARNETT, Appellee.

Court of Appeals of Kentucky.

June 22, 1962

Salem Moody, Madison County Atty., Richmond, for appellant.

George T. Ross, T. D. Shumate, Richmond, for appellee.

STEWART, Chief Justice.

This is an appeal from a summary judgment, ruling that Madison County's suit to recover $30,494.37, with interest, from appellee, J. B. Arnett, a former county clerk of Madison County, which amount represents sums allegedly received by appellee in excess of his annual salary and office expense, while acting as county clerk for the calendar years 1949, 1950, 1951 and 1952, was barred by the five-year statute of limitations. See 413.120(1).

Appellee held the office of Madison county clerk from January 1934 to July 1956 when he resigned to take a position with the Commonwealth. He made timely voluntary settlements for the years in question, and photostatic copies of the annual report of income and disbursements covering each period, as reflected by the exhibits in the record, disclose that he paid the county the sum of $810.05 for the four years. Each of these reports was examined and approved by the Madison County treasurer and, after being certified as correct by the Auditor of Public Accounts, was endorsed by two magistrates and then ordered placed of record.

This same system of making settlements with the county clerk prevailed for the period of January 1, 1953, through December 31, 1956. However, in April of 1958 a systematic recheck of the county clerk's records embracing the calendar years 1953 through 1956 was begun. The culmination of this investigation was the uncovering of sums aggregating $26,143.24 of principal and $5719.68 of interest which it was claimed the county clerk owed the county. No portion of this principal sum had been included in any of appellee's settlements for the years involved, and unquestionably he believed he was indebted to the county for this amount, because he not only paid the principal sum but the interest item as well.

The disclosure of discrepancies in the annual reports for the years just mentioned prompted the Madison County fiscal court on July 7, 1959, to employ William E. Adams, a certified public accountant, to audit the official records of appellee for the years 1949, 1950, 1951 and 1952. This audit when completed on December 1, 1959, disclosed appellee had purportedly collected but had failed to account for these sums in excess of his annual income over his office expense: For 1949, $5924.78; for 1950, $7550.80; for 1951, $8162.63; and for 1952, $8856.16. The total of these figures amounts to $30,494.37.

Demand having been made by Madison County upon appellee to pay these so-called shortages, and appellee having refused to satisfy any part thereof, this suit was instituted on December 31, 1959. The complaint alleged in substance that appellee's settlements tendered to Madison County as county clerk for 1949 through 1952 were fraudulently made, that appellee knowingly omitted the true figures and inserted false ones in each report, and that these acts were done with the intent to defraud, and they resulted in defrauding, the county. The complaint further averred this fraud was not ascertained until December 1, 1959, at which time William E. Adams filed his audit with the Madison County fiscal court. By amended complaint it was pled the fraud was not and could not have been discovered before the Adams audit was completed.

The trial court granted summary judgment, ruling, in brief, that even though appellee made willful omissions or employed false figures in his settlements the claim of Madison County to the money involved was nevertheless barred by the five-year statute heretofore mentioned.

Madison County's contention in the trial court and on this appeal is that the alleged fraud on the part of appellee had the effect of extending the limitation period to ten years from the date of the alleged perpetration of the fraud. See KRS 413.120 (3).

■ In order to enlarge the five-year statute of limitations to ten years, on a charge of fraud, appellant must allege and prove the fraud was not discovered within the five-year period and also allege and prove the fraud could not have been discovered within that period by the exercise of reasonable diligence. See Martin et al. v. Wagers et al., 310 Ky. 363, 220 S.W.2d 580; Forman v. Gault, 236 Ky. 213, 32 S. W.2d 977. If there were no earlier actual knowledge, the limitation commences to run when by the exercise of ordinary care the fraud ought to have been discovered. See Mussman v. Pepples, 243 Ky. 674, 49 S.W.2d 592; Johnson v. Fetter, 224 Ky. 788, 7 S.W.2d 241.

The trial court held that, since appellant knew when appellee filed his settlements and since the Madison fiscal court was fully vested with power to have the settlements audited, as provided by KRS 67.-080(7), the alleged fraud could have been ascertained by the exercise of reasonable diligence at the time or soon after each settlement was filed. Thus it was decided the five-year statute of limitations was not suspended and therefore was controlling in this case.

Appellant maintains that reasonable diligence was used, i. e., an examination of each settlement was made by the county treasurer and thereafter a thorough check was carried out by the Auditor of Public Accounts, and that no errors were or could have been discovered at the time because the figures were either falsified or concealed. It is pointed out that only when the Auditor of Public Accounts brought to light errors in 1958, concerning the settlements of 1953 through 1956, did appellant become aware of appellee's artful bookkeeping methods, so as to be placed on notice of his derelictions and to take steps to uncover the alleged fraud committed in respect to the settlements which are the subject of this controversy.

The case of Greenup County v. Millis, Ky., 303 S.W.2d 898, is relied upon by appellee to sustain the stand taken that the collection of the amount sued on is barred by the five-year statute of limitations. As there was no averment or proof of fraud in that case, it does not apply to the factual situation here. On the contrary, it appears that, since the recovery of the purported shortage is undertaken on the basis of fraudulent concealment or omission of the true figures, the case of Steele v. Commonwealth, 233 Ky. 719, 26 S.W.2d 747, governs the question of limitations.

In the Steele case, supplemental settlements of the ex-sheriff of Laurel County were made for 1919 and 1920 and, shortly thereafter, approved by the fiscal court of that county. Later these settlements were claimed to have been not correct, and suit was instituted for additional sums it was contended this former official owed. Although fraud was not directly involved in this litigation, the rule was thus laid down as to the statute of limitations involved in connection with a sheriff's settlement, which same rule applies equally to a county clerk's settlement:

"When a settlement with a sheriff is made as described by the Statutes, supra, and is approved as therein required, it is conclusive on all parties, and it cannot be attacked by either party except on the ground of fraud or mistake. An action to surcharge such a settlement must be instituted within five years after the settlement was made, but if the fraud or mistake was not discovered until thereafter the suit to surcharge may be instituted under the provisions of section 2519, Kentucky Statutes, within five years after discovery, but not exceeding in all ten years after the settlement was confirmed."

As mentioned in the first paragraph of this opinion, this case was decided in favor of appellee on summary judgment. The trial court reasoned that, even though appellee had been guilty of fraudulent practices in the preparation of his four reports and in making settlements of his excess income for the above-mentioned years with Madison County, the five-year statute of limitations nevertheless governed. This position was taken for the reason that the trial court believed the county clerk's records should have been thoroughly audited at the time he tendered each of his yearly reports of income and disbursements.

■ There is a good reason why the general public should not be made to suffer from the ineptitude of any of its officials. This is well stated in Alexander v. Owen County, 136 Ky. 420, 124 S.W. 386, 389, in these words: "* * * Ordinarily negligence or laches of public officials is not chargeable to the public. When the public elects officials, it has done all it can do for the time. If the officials are not so diligent as they might have been, their laches will not be imputed to the public, where no intervening right of a third person is to be affected. * * *"

■ From a consideration of the record it is therefore the conclusion of this Court that only the ten-year statute of limitations applies under the allegations of Madison County's complaint and amended complaint. It follows that summary judgment was improperly granted.

Other issues were developed in this case which the trial court did not rule upon and these matters cannot be reviewed here.

Wherefore, the judgment is reversed and remanded for proceedings not inconsistent with this opinion.